By the Court.
Defendant in error, William A. Roudebush, as administrator, brought an action in the court of common pleas of Hamilton county to recover damages on account of the death of Clarence Henson, alleged to have been caused through the negligence of the plaintiff in error. The cause was tried to a jury and resulted in a verdict for the defendant in error. A motion for new trial was overruled, judgment was rendered on the verdict, and this judgment was affirmed by the court of appeals. The record of the case was certified to this court for review and final determination for the reason that the judgment upon which the court of appeals of Hamilton county had agreed was in conflict with the judgment pronounced upon the same question by another court' of appeals of this state.
Plaintiff in error owned, managed and" controlled *41 an eleven-story office building in the city of Cincinnati, known as the Neave Building. Defendant in error’s intestate, Clarence Henson, was employed by plaintiff in error as a window washer. In the performance of his duties, according to the allegations of the petition, it became necessary to wash and clean the windows of the building on the outside, and on the 6th day of January, 1911, while washing a window on the third floor of the building, Henson fell from the window to the sidewalk below receiving injuries from the effects of which he died a few hours later. It was alleged in the petition that at the time of the injury the window sills of the building were covered with snow, which made the cleaning of the windows very difficult and dangerous, and that notwithstanding said condition Henson was ordered to wash them. It was alleged in the petition that plaintiff in error negligently failed to comply with the provisions of Section 505 of the ordinances of the city of Cincinnati, as follows: “In every fireproof or semi-fireproof building now in existence or hereafter erected every window above the second story thereof shall be equipped with a suitable device which will permit the cleaning of the exterior of such windows without endangering life and limb. Provided, however, that such device need not be placed on any window that can be easily cleaned from within.”
It was further alleged that plaintiff in error failed to provide in any manner for the safety of defendant in error’s intestate while engaged in said dangerous occupation, or to provide any safety device whatever to prevent injury to him, and, fur *42 ther, that it failed to employ a sufficient number of men to clean its windows and elevator so as to give defendant in error’s intestate sufficient time to carefully clean its windows on the outside. Plaintiff in error in its answer denied that it failed to comply with the provisions of the ordinance referred to and denied further all carelessness and negligence on its part.
It is claimed by plaintiff in error that there was no evidence as to the cause of the mishap or the manner in which Henson met his death. It is unquestionably true that the death was due to a fall. The jury in answer to an interrogatory given at the request of plaintiff in error found specially that Plenson fell from the window in attempting to clean the window while standing on the outside. We have examined the record and there was evidence tending to show that Henson met his death in the manner found by the jury. Whether this finding was against the manifest weight of the evidence was a question properly before the lower courts for determination. Both the common pleas and court of appeals refused to disturb the verdict and judgment, and this court does not determine as to the weight of the evidence.
It is urged that the trial court erred in charging that failure to comply with Section 505 of the ordinance of Cincinnati constituted negligence per se. At the request of the defendant in error, the trial court, before argument, charged the jury that if it found from the evidence that the defendant (plaintiff in error) did not comply with the provisions of the ordinance introduced in evidence, and that the *43 windows could not be easily cleaned from within, and that Henson fell from a window above the second story of the building, and that the failure of defendant to comply with the ordinance was the proximate cause of his death, its verdict must be for plaintiff (defendant in error). In its general charge the court used practically the same language, and instructed the jury further, that, if it should find that the window could be easily cleaned from within, the ordinance did not apply so far as it required the use of the suitable device mentioned in the ordinance. We find no error in either the special request or in the general charge on this proposition. We think it is in accord with the holding of this court in Schell v. DuBois, Admr., 94 Ohio St., 93. Whether or not the window in. question could be easily cleaned from within, whether there was a violation of the ordinance, and whether such violation, if any there was, was the proximate cause of the death of Henson, were questions of fact properly submitted to the jury. The general verdict of the jury may have been based upon the violation of the ordinance, and it cannot be said that there was no substantial evidence tending to show that there was a violation of the ordinance and that such violation was the proximate cause of the death of Henson. In view of our holding as to the ordinance, it becomes unnecessary to consider the other assignments of error.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman and Johnson, JJ., concur.