HUGHES, J.
On the twentieth day of September, 1915, plaintiff was severely injured while driving in his automobile along a public highway in Wyandot county. The machine in which he rode was traveling in a westerly direction along the north side of the highway, whieh was macadamized. There was hbout two feet of dirt between the macadamized portion of the road and-the embankment hereinafter referred to. The roadway was about twenty or twenty-five feet wide and at this place was bounded on the south by a forty-five degree embankment, running above the surface of the road. The north side of the road was about a forty-five degree embankment, running down to a depth of about twelve to fifteen feet from the level of the road to the base of the bank. The south half of the roadway was in as good condition as the north half, and had plaintiff driven his automobile along the south half he would not have received the injury complained of. He did, however, drive his machine along the north half and from some cause, the right hand wheels of the machine got over the edge of the bank, to the foot of which he and the auto were precipitated with great force.
Suit was brought for a recovery under and by virtue of Secs. 7563 and 7565 G. 0.
Section 7563 reads in part as follows:
“The board of county commissioners shall # * * also protect by suitable guard rails, all perpendicular wash banks more than eight feet in height where such banks have an immediate connection with a public highway or are adjacent thereto in an unprotected condition. ”
Section 7565 reads as follows:
“Failure to comply with the provisions .of the next two preceding sections shall render the county liable for all accidents or damages as a result of such failure.”
The trial court submitted the case to the jury at the close of the evidence with the statement that the issues made by the pleadings and the evidence, were four. First, was the road in *226 question a public highway; second, was there, at the time of the alleged accident a perpendicular wash bank more than eight feet high immediately connected with or adjacent to said highway which was unprotected by suitable guard rails at the place where it is alleged the injury was received by plaintiff; third, did the plaintiff sustain the injuries complained of in his petition ; and, fourth, were the injuries caused or occasioned by the-negligence of defendant.
This statement, together with other statements in reference to these particular issues, made by the court in its charge, are assigned as error.
From the undisputed evidence and the admissions in the pleadings, there was but a single issue left in this ease for the-consideration of the jury, to wit: was the plaintiff .guilty of negligence which contributed to the accident, and hence the trial court was wrong in submitting the four issues, since each and all of them were settled and determined by the evidence and admissions in the pleadings.
A careful and exhaustive reading of the authorities finds, no definition of a perpendicular wash bank, but having in mind the intention of the legislature at the time this statute was originally passed, we are of the opinion that the term “perpendicular” as used therein, is to be considered in connection with the element of height. That is to say, when a wash bank is eight feet high in the perpendicular, — that is, eight feet between the plane of its top and the plane of its base, it is then a perpendicular wash bank eight feet high, within the meaning of the-statuté.
The term “wash bank” we believe, is used to indicate a bank with its top lying adjacent to or connected with the surface-of the road and running down therefrom to its base, in contradistinction from a bank whose base is in the plane of the surface of the road and running upward, and hence from the conceded facts and from the evidence offered by both sides, the bank in question was shown to he a wash bank more than eight feet high in the perpendicular and came within the meaning of the statute.
There was, therefore,-no longer a question of negligence on *227 •the part of tbe defendant because the violation of a statute such as this, which was passed for the protection of the travelling public, is negligence per. se, and the trial court should have so charged the jury. And where such act of negligence on the part, of the defendant is the direct and proximate cause of an injury,, the defendant is liable unless the jury should have found that the negligence of the plaintiff directly contributed to his injury..
Schell v. Dubois, 94 Ohio St. 93 [113 N. E. 664].
Without specifically enumerating the different paragraphs of' Hie charge, it is sufficient to say that the trial court should have omitted in it, all those paragraphs referring to the four issues: referred to by him, except in so far as it was his duty to charge the jury that they must take and consider these as established facts in the case by reason of the admissions made in the pleadings and the uncontradicted evidence given in behalf of both plaintiff and defendant. ,
Witnesses were permitted to give as their opinions, that the plaintiff could have driven his automobile over the opposite side of the road from which he did go, with perfect safety, going at the rate of twelve to fifteen miles per hour. The condition of the road and all other facts supporting these opinions, should have been given the jury and not the opinions of the witnesses. In the language of Judge Owen in Baltimore & O. Ry. v. Schultz, 43 Ohio St. 270 [1 N. E. 324; 54 Am. Rep. 805], the jurors were to be left to form their opinions from these facts unaided by the mere opinions of the witnesses.
The judgment is therefore reversed and' the cause re-re anded.
Kinder and Crow, JJ., concur.