SCHELL *v.* DuBOIS, ADMR.

*Negligence — Violation of statute or ordinance — Negligence per se, when — And defendant liable, when.*

1. The violation of a statute passed for the protection of the public is negligence *per se,* and where such act of negligence by a defendant is the direct and proximate cause of an injury not directly contributed to by the injured person, the defendant is liable.
2. The violation of a municipal ordinance passed in the proper exercise of the police power in the interest of the public safety, and not in conflict with general laws, is negligence *per se,* and where such act of negligence by a defendant is the direct and proximate cause of an injury, not directly contributed to by the want of due care on the part of the injured person, the defendant is liable.

(No. 14951 — Decided February 29, 1916.)

ERROR to the Court of Appeals of Belmont county.

The administrator of William Gitchell, deceased, brought the original action in the court of common pleas of Belmont county, against plaintiff in error, John H. Schell.

The allegations of the petition substantially were that the plaintiff's intestate was killed by reason

of the negligence of the defendant in the operation of an automobile, at the time and place, at an excessive rate of speed and beyond his control — at a rate of speed in violation of Section 12604, General Code; in failing to sound a warning of his approach; and in driving the automobile past a street car, from which the plaintiff's intestate had alighted, while the same was standing at the street crossing for the purpose of unloading passengers, in violation of an ordinance of the city of Bellaire, which ordinance was duly pleaded.

It is alleged that the ordinance provided that it should be unlawful for any person to drive an automobile past a street car or other conveyance for passengers in the city of Bellaire when said street car or other conveyance is standing for the purpose of receiving or discharging passengers; that the defendant was negligent and reckless in failing to see the deceased while crossing the street, in time to avert the accident.

The answer of the defendant, after acknowledging the qualification of the administrator, admitted that the deceased was struck by the defendant's automobile and received injuries from which he died.

The answer contained further admissions as to the description of the locality and general situation with reference to the accident and denied each and every other allegation in the amended petition contained.

In a second defense in the answer the defendant alleged that the death of the plaintiff's intestate was caused solely by his own negligence, in that

he failed to keep a proper and reasonable lookout for his safety at the time of, and before, walking across said Noble street. The allegations of this defense were denied in the reply.

In the charge of the court to the jury on the trial of the case there was included the following: "It is a rule of law that violation or violations of a provision of the code or statute of the state constitutes *prima facie* negligence. This means simply that proof of the violation of a provision of the code or statute by running an automobile at a greater rate of speed than is provided by such code or statute shall be *prima facie* proof only of negligence; but it is not conclusive, and, if the jury find in this particular case, that the defendant ran the automobile at a greater rate of speed than is provided by law, that is not conclusive of negligence on the part of the defendant if the jury should find, under all the circumstances as shown by the evidence in this case, that the defendant was not negligent in the operation of his automobile."

There was also included in the charge of the court to the jury the following: "Now, while this ordinance has been introduced in evidence, and while the plaintiff claims that the same was violated by the defendant, which he denies, neither the ordinance itself nor its violation, if the same has been proven, is sufficient in and of itself to establish the claim of the plaintiff that the defendant was guilty of negligence, but such ordinance and the testimony tending to show its violation, if any, may be considered by you as circumstances

tending to prove negligence. You are, however, to determine the question as to whether or not the defendant was negligent on account of his failure to exercise ordinary care, as we have said, from a consideration of all the facts and circumstances proven upon the trial of this case."

The jury rendered a verdict in favor of the defendant. Judgment was entered on the verdict, and the court of appeals, on error, reversed that judgment for "error in the charge of the court below and in refusing to charge as requested, and that substantial justice, therefore, has not been done said plaintiff in error."

This proceeding is brought to reverse the judgment of the court of appeals and affirm that of the common pleas.

The defendant in error, in support of the judgment of the court of appeals, insists that the portions of the charge above quoted were erroneous and points out other claimed errors which we do not regard as important.

*Mr. William Dixon, Jr.; Mr. David H. James* and *Mr. Fred Spriggs,* for plaintiff in error.

*Mr. D. D. DuBois* and *Mr. Gordon D. Kinder,* for defendant in error.

JOHNSON, J. The decisive questions are those relating to the action of the court in its charge to the jury.

It was alleged in the petition that at the time of the accident the defendant was driving his automobile at a rate of speed in violation of Section

12604, General Code, which makes unlawful the operation of a motor vehicle at a greater speed than eight miles an hour in the business and closely built-up portions of a municipality. As to this the court charged the jury: "It is a rule of law that violation or violations of a provision of the code or statute of the state constitutes *prima facie* negligence. This means simply that proof of the violation of a provision of the code or statute, by running an automobile at a greater rate of speed than is provided by such code or statute, shall be *prima facie* proof *only* of negligence; but it is not conclusive, and, if the jury find in this particular case, that the defendant ran the automobile at a greater rate of speed than is provided by law, that is not conclusive of negligence on the part of the defendant if the jury should find, under all the circumstances as shown by the evidence in this case, that the defendant was not negligent in the operation of his automobile."

This was a plain instruction to the jury that, notwithstanding the fact that the evidence might show that the defendant ran the automobile in the business and closely built-up portion of ,Bellaire at a greater speed than is allowed by law, it would still be the province of the jury to say whether the defendant was negligent in thus disregarding the law and in violating the specific duty which was imposed upon him by the statute.

It was thus left to the jury to say whether the violation of the law was a negligent act. The statute imposed the duty on the defendant not to

operate the automobile at a greater rate of speed than that specified *in* the statute. The defendant was bound to comply with this legal requirement. It was not for him to speculate or decide whether he would or would not obey the law. The obligation was imposed upon him for the protection of the public and for each member of the public; and when he violated that obligation he was guilty of negligence by that act alone. But that would not create a liability unless that act was the proximate cause of the injury.

As was said in *Variety Iron Co.* v. *Poak,* 89 Ohio St., 297, 310: "The plaintiff * * * predicated his right of recovery upon the violation of the statute, which made it an absolute duty on the part of the employer to adopt certain measures to protect its employes. It was not for the jury to say whether a failure to comply was negligence. To use the language of the court of appeals: 'As no jury is allowed to say that which is not the law shall be the law, so they should not be permitted to say that which is the law, is not the law.' The violation of this statute in this case was negligence as a matter of law. If this negligence was the proximate cause of the injury, the company was liable." Section 1027, General Code, which was involved in that case, did not expressly create a cause of action in favor of an injured person, but this court held its violation to be negligence *per se.*

As said by Judge Taft in *C., H. & D. Ry. Co.* v. *Van Horne,* 69 Fed. Rep., 139: "There was no issue before the jury as to whether the failure to

insert a block was negligence on the part of the rail-road company. It was negligence as a matter of law, and the court properly charged the jury that, if the block was not there, and the absence of it caused the accident, the defendant was liable."

The statute involved in that case (85 O. L., 105), which required the blocking of frogs, was a penal statute and did not by its terms confer a cause of action upon one who had been injured by reason of its violation. Nevertheless the right of action was sustained, and it was held that the plaintiff could recover if he could show that the absence of a block "caused the accident." It was negligence as matter of law.

This holding was expressly reaffirmed in *L. E. & W. Ry. Co.* v. *Craig,* 73 Fed. Rep., 642; *Narramore* v. *C., C., C. & St. L. Ry. Co.,* 96 Fed. Rep., 298, and *Cooper* v. *B. & O. Rd. Co.,* 159 Fed. Rep., 82.

In *Coal Co.* v. *Estievenard,* 53 Ohio St., 43, the action was brought under the provisions of Section 6871, Revised Statutes. The act required the owner, agent or operator of a coal mine to keep a supply of timber constantly on hand and to deliver it to the working place of the miner. It provided that no miner should be held responsible for accidents which might occur in mines where the provisions of the section had not been complied with by the owner, agent or operator. It also provided that it should be the duty of the miner to securely prop the roof of the place under his control. This court held, at page 49: "All he [the miner] has to prove to make his case, as to that point, is that

in fact the delivery was not made. * * * and a failure on the part of the owner, agent, or operator to so deliver timber to the working place of the miner, is negligence, and if injury is thereby proximately caused to the miner, an action will lie therefor."

It is likewise to be noted that the act involved in that case did not confer a cause of action upon one who had been injured by reason of the failure to comply with its terms.

In *Chicago, B. & Q. Ry. Co.* v. *United States,* 220 U. S., 559, it is held that, under the safety appliance act of March 2, 1893, there is imposed an absolute duty on the carrier and the penalty cannot be escaped by the exercise of reasonable care.

In the cases to which we have referred the disregard of the obligation imposed by the statute was held by the courts to be in itself an act of negligence, and it was held that if this act of negligence was the proximate cause of the injury to the plaintiff, to which he had not contributed by any want of due care on his own part, the defendant was liable.

In the case of a violation of a statute which requires the covering of a set-screw, or other similar safeguard, the negative act of failing to provide the contrivance required is the act of negligence. Whereas, in the case of a violation of a statute regulating speed in the streets of municipalities to secure safety to the public, the positive violation of the statute is the act of negligence.

Of course a different case might be presented in which a speed much less than the maximum

fixed by statute, would be found by the jury to be negligence in the particular place and circumstances, without reference to the statute.

In this case if the operator of the automobile ran it in the portion of the city referred to at a speed in excess of the speed fixed by the statute, he was guilty of negligence, and if this act of negligence was the direct and proximate cause of the injury, not contributed to by want of due care on the part of the decedent, the defendant was liable.

The court also charged the jury as to the ordinance referred to: "Now, while this ordinance has been introduced in evidence, and while the plaintiff claims that the same was violated by the defendant, which he denies, neither the ordinance itself nor its violation, if the same has been proven, is sufficient in and of itself to establish the claim of the plaintiff that the defendant was guilty of negligence, but such ordinance and the testimony tending to show its violation, if any, may be considered by you as circumstances tending to prove negligence."

One of the allegations of negligence in the petition, after stating the fact that the car had stopped to discharge passengers and that Gitchell was a passenger, is that the defendant carelessly and negligently drove his automobile past the standing car, in consequence of which the decedent was struck by the automobile. The plaintiff avers that there is an ordinance of the city of Bellaire which provides that it shall be unlawful to drive an automobile past a standing car which is receiving or

discharging passengers, and that in consequence of the violation of this ordinance and of defendant's carelessness in driving his automobile at the time, the decedent received his injuries.

It will be observed that the charge of the court as to the ordinance was different in some essentials from the portion thereof with reference to the violation of the statute. As to the statute the rule declared was that a violation or violations of a provision of the statute constitutes *prima facie* evidence, but that it is not conclusive. As to the ordinance the charge is, that the violation of the ordinance is not sufficient in and of itself to establish that the defendant was negligent. Therefore, if this is the correct rule, if the injury to the deceased had been caused solely by and because of the very acts of the defendant in violation of this ordinance, even though the decedent was wholly free from fault on his part, the jury nevertheless is instructed that this would "not be sufficient to establish negligence by defendant."

The city of Bellaire was fully authorized by the provisions of the municipal code to pass the ordinance in question. It was a police regulation, passed in the interest of public safety, and each member of the public was entitled to its protection. Nothing is more firmly established than that the state and municipal authorities, in the exercise of the police power, may make all such provisions as may be reasonably necessary and appropriate for the protection of the public health and safety. *The Toledo Disposal Co.* v. *The State,* 89 Ohio St.,

230, and *California Reduction Co.* v. *Sanitary Reduction Works,* 199 U. S., 306.

Manifestly this ordinance had no other object in view than to protect the public. A police regulation, duly and legally passed by a municipal corporation, "not in conflict with general laws," is entitled to as much respect and is as much a legal regulation within the limits of the municipality as a police regulation passed by the legislature.

Where an incorporated city or village is invested by the legislature with power to pass ordinances, an ordinance enacted by the legislative branch of the corporation, within the powers conferred on it, has the force and effect of a law passed by the legislature and cannot be regarded otherwise than a law of and within the corporation. 28 Cyc., 391, and cases there cited. Also *Hayes* v. *Mich. Cen. Rd. Co.,* 111 U. S., 237; *Mason et al.* v. *City of Shawneetown,* 77 Ill., 533, and *Bott* v. *Pratt et al.,* 33 Minn., 323.

While there is not entire harmony in the decisions as to the legal effect of a violation of a municipal ordinance, passed in the proper exercise of the police power for the protection of the public, we think it clear, from an examination of many cases, that the weight of authority and reason supports the proposition that a violation of an ordinance of the character referred to is negligence *per se;* and that where the act of violation is the proximate cause of an injury to a plaintiff, who has not by his own negligence contributed to the injury, the defendant is liable. This is now the generally recognized rule.

Thompson, in volume 1 of his work on Negligence (2 ed.), at Section 10, says: "This seems to introduce in this place a consideration of the antithesis of the proposition contained in the preceding paragraph, — the case where the legislature of the state, or the council of a municipal corporation, having in view the promotion of the safety of the public, or of individual members of the public, commands or forbids the doing of a particular act. Here the general conception of the courts, and the only one that is reconcilable with reason, is that the failure to do the act commanded, or the doing of the act prohibited, is negligence as mere matter of law, otherwise called negligence *per se.*"

And in Section 11 he says: "It is to be regretted that two or three authoritative courts have fallen into the aberration of holding that the violation of a statute, or a municipal ordinance, enacted for the public safety, does not establish negligence *per se,* but is merely what the books term, 'evidence of negligence,' — that is to say, competent, but not conclusive evidence to be submitted to the jury on the question of negligence or no negligence."

In each of the following cases it was expressly held that the violation of a municipal ordinance, passed in the interest of public safety, was negligence as matter of law upon which an action could be predicated where it was the proximate cause of injury: *Pennsylvania Co.* v. *Horton,* 132 Ind., 189; *Healy* v. *Johnson,* 127 Ia., 221; *Lindler* v. *Southern Ry. Co.,* 84 S. Car., 536; *Dyson* v. *Southern Ry. Co.,* 83 S. Car., 354; *Fenn* v. *Clark,* 11 Cal.

App., 79; *Watts* v. *Montgomery Trac. Co.,* 175 Ala., 102; *Wise* v. *Morgan,* 101 Tenn., 273; *Rosse* v. *St. Paul & D. Ry. Co.,* 68 Minn., 216; *Missouri, K. & T. Ry. Co.* v. *Matherly,* 35 Tex. Civ. App., 604; *Dahlstrom* v. *St. L., I. M. & S. Ry. Co.,* 108 Mo., 529; *Osborne* v. *McMasters,* 40 Minn., 103; *Siemers* v. *Eisen,* 54 Cal., 418; *Denver, T. & G. Rd. Co.* v. *Robbins et al.,* 2 Colo. App., 313; *Jones* v. *Belt,* 8 Houst. (Del.), 562, and *Kansas City, M. & B. Rd. Co.* v. *Flippo,* 138 Ala., 487.

It is said that the trial court in this case relied on the case of *Meek* v. *Pennsylvania Co.,* 38 Ohio St., 632, as sustaining the charge to the jury.

In that well-known case the ordinance of the city was not pleaded as ground of negligence. The negligence alleged was that two detached cars were moving at a dangerous rate of speed and turned on a sidetrack at a switch, while the locomotive and other cars continued on the main track. The flying switch was itself evidently regarded as sufficient ground of recovery. No reference whatever was made to the ordinance in the petition. On the trial the plaintiff offered in evidence an ordinance of the city of Bellaire which forbade trains moving at a higher rate of speed than eight miles an hour. The court rejected the evidence. This court held that the ordinance was admissible and reversed the judgments of the courts below.

In the syllabus it is held: "In an action to recover for an injury alleged to have been caused by cars moving on a railroad track, proof that the company was moving its cars in violation of a city ordinance at the time the injury was inflicted,

while not sufficient *per se* to create a liability, is yet competent to go to the jury as tending to show negligence."

The counsel for plaintiff in error in that case did not contend that a violation of the ordinance was negligence *per se*. The only dispute related to its competency as evidence. The court in the opinion, at page 637, say: "In the absence of knowledge of apparent danger from an approaching train, or that these detached cars were moving toward him, and were about to cross the public street near which he was, without sufficient motive power to control them, the deceased had the right, having used due caution in going upon the track, to act on the assumption that the defendant would conform to the requirements of the ordinance."

The court further say: "While the violation of a law or ordinance is not, *per se,* conclusive proof of negligence that will render the company liable, yet it is competent to be considered with all the other evidence in the case. The ordinance was enacted for the purpose of rendering the streets more safe and convenient for the public. It is a police regulation defining what is a legitimate use of the streets by the railroad company. It was a command to those operating trains within the city limits which it was their duty to obey."

It will be observed that these remarks indicate that the court did not make any distinction, between a city ordinance and a statute of the state, so far as its legal effect is concerned within the municipality.

Opinion, per JOHNSON, J.

The remark that "While the violation of a law or ordinance is not, *per se,* conclusive proof of negligence" was an unnecessary parenthetical concession on the matter not put in issue in the case.

There are some considerations which apply with equal force to the statute and the ordinance in the case:

Negligence is the failure to comply with some duty imposed by law. But in order that an act of negligence may be the predicate of an action, it is necessary that the duty should have been imposed for the benefit of the person injured and that the violation of the duty be the proximate cause of the injury.

Where there is no fixed legal duty specifically defined by statute or by an ordinance passed by a municipality within its police power, which has been violated, the acts and conduct of the parties must necessarily be measured by the circumstances of each case. The liability, if any, would arise out of the violation of a common-law duty only. The question in such case is whether the defendant acted as an ordinarily prudent and careful man, having due regard for the protection of others, would have acted in the circumstances. Such conduct is all that the plaintiff had a right to rely on.

But when the legislature or municipality has specifically defined what the conduct of *all* persons shall be in certain particular circumstances, each member of the public, acting himself with due care, has the right to rely on the compliance by the rest of the public with the duty thus imposed. The soundness and salutary effect of this principle

are peculiarly manifest under a state of facts such as are set forth in this case. The rule is stated in *Baker* v. *Pendergast,* 32 Ohio St., 494, where it is held: "A person about to cross a street of a city in which there is an ordinance against fast driving, has a right to presume, in the absence of knowledge to the contrary, that others will respect and conform to such ordinance; and it is not negligence on his part to act on the presumption that he is not exposed to a danger which can only arise through a disregard of the ordinance by other persons."

A pertinent observation was made by Judge Taft in *Narramore* v. *C., C., C. & St. L. Ry. Co.,* 96 Fed. Rep., 298, which also concerned our statute as to blocking frogs, which did not expressly give a cause of action in favor of an injured person. Said he: "It was passed in pursuance of the police power of the state, and it expressly provided, as one mode of enforcing it, for a criminal prosecution of the delinquent companies. The expression of one mode of enforcing it did not exclude the operation of another, and in many respects more efficacious, means of compelling compliance with its terms, to-wit, the right of civil action against a delinquent railway company by one of the class sought to be protected by the statute for injury caused by a failure to comply with its requirements."

In this case the ordinance made it unlawful for a person to drive an automobile past a street car standing for the purpose of receiving or discharging passengers. It is inconceivable that in the midst of daily experiences which arrest attention,

any argument is needed to show the wisdom of such an ordinance, or that it is within the police power of the state whose exercise has been delegated to the city.

. Such an ordinance must be reasonable and must not conflict with general laws. The right of the driver of an automobile to the use of the public thoroughfares must be recognized and not unreasonably interfered with. But the rights of pedestrians and others must be equally respected. All must realize that this comparatively new and more dangerous method of travel, which has become a permanent and essential factor in the life of the country, has imposed increased mutual obligations of care on drivers and pedestrians.

The general and united action of automobile associations in urging upon members that safety should be the first consideration, is a hopeful indication that these obligations will be increasingly regarded.

It is further claimed in this case that the trial court erred in refusing the request of plaintiff to give certain charges which are included in the record. We think these charges were objectionable because they assumed that Mr. Gitchell did not, when he started to cross the street, know of the approach of the automobile.

For the reasons given the judgment will be affirmed.

*Judgment affirmed.*

NICHOLS, C. J., WANAMAKER and MATTHIAS, JJ., concur.