Newman, J.
The Acklin Stamping Company had in service five or more workmen or operatives regularly in the same business and had paid into the state insurance fund the premiums provided for in the Workmen’s Compensation Act. Plaintiff in his amended petition charged that the injury on account of which he claimed damages had arisen from the failure of The Acklin Stamping Company to guard the revolving fan, which he claimed was required by the provisions of Section 1027, General Code.
The court of common pleas treated the case as one where the employe in the exercise of his option had seen fit not to claim compensation under the Workmen’s Compensation Act, but had instituted a proceeding in the courts for his damage on account of the injury alleged to have arisen from *68 the failure of the employer to comply with a lawful requirement for the protection of the lives and safety of employes. In such a case the employer would, under the provisions of Section 29 of the act (Section 1465-76, General Code), be entitled to plead the defense of contributory negligence. It is there provided that in all actions authorized by the section “the defendant shall be entitled to plead the defense of contributory negligence and the defense of the fellow-servant rule.” But was the court of common pleas correct in assuming that the case was controlled by the provisions of the Workmen’s Compensation Act?
This act was enacted for the purpose of providing a state insurance fund for the benefit of injured and the dependents of killed employes and requiring contribution thereto by employers. If the relation of employer and employe does not exist its provisions have no application. It becomes necessary, therefore, to determine who is an employe within the meaning of that term as used in the Workmen’s Compensation Act. - The term is defined by Section 14 of the act (Section 1465-61, General Code). It includes minors “who are legally permitted to work for hire under the laws of the state.” We think that it was intended by this clause to exclude from the operation of the provisions of the act minors whose employment is illegal. We cannot subscribe to the view that it was intended to mean minors who may be legally employed to work under the laws of the state at some occupation, at some time and under certain circumstances, regardless of whether the minor *69 was eligible for employment in the work or occupation in which he was engaged at the time of his injury. The test is, Was the employment of the minor in the given case illegal ? If there has been on the part of the employer a violation of the statutes of this state enacted for the protection of children, the employer cannot avail himself of the provisions of the Workmen’s Compensation Act.
It was alleged in the amended petition that Walter Kutz, the plaintiff, a minor under sixteen years of age, had been employed to work between the hours of 5.45 in the evening and 5.15 in the morning as an assistant to a stamper.
Section 12996, General Code, provides, among other things, that no boy under the age of sixteen shall be employed to work in, about or in connection with any establishment or occupation named in Section 12993, General Code, before the hour of seven o’clock in the morning or after the hour of six o’clock in the- evening. Among the establishments named in Section 12993 are a mill, factory and workshop. Section 13001, General Code, prohibits the employment of a child under the age of sixteen years to assist in operating a stamping machine used in sheet metal and tinware manufacturing.
There was evidence offered tending to prove the allegations as to the time at which plaintiff was required to work and the capacity in which he was employed. At the conclusion of the testimony of plaintiff, a motion was made by counsel for the defendant to withdraw from the jury the evidence with respect to the age of plaintiff, the time he was *70 employed in the factory, the evidence with respect to the hours he worked, and that with respect to his having been a helper on the press. At the close of all the evidence in the case the court sustained this motion, and the. jury was instructed to disregard such evidence. We think this evidence was competent and should have been allowed to go to the jury. If plaintiff had been employed to work in or about or in connection with the factory before the hour of seven o’clock in the morning and after the hour of six o’clock in the evening, or had been employed to assist in operating a stamping machine used in sheet metal and tinware manufacturing — and these were questions of fact for determination by the jury — then the employment was illegal, and plaintiff would not be an employe within the meaning of that term as used in the Workmen’s Compensation Act. Its provisions would have no application and the case would be one as though the act had not been enacted.
In the amended petition defendant is charged with failure to comply with the provisions of Section 1027, General Code. If the revolving fan in question was machinery which came under the provisions of that section, and there was a failure on the part of the employer to guard it, such failure was negligence per se (Variety Iron & Steel Works Co. v. Poak, 89 Ohio St., 297); and it was held in Schell v. DuBois, Admr., 94 Ohio St., 93, that if such negligence was the direct and proximate cause of the injury, not directly contributed to by the injured party, the defendant is liable. There Would then arise in the case at bar the question *71 whether or not the defense of contributory negligence was available to the defendant. Section 6245-2, General Code, is as follows: “That in all such actions [for damages for personal injuries] where a minor employee has been employed or retained in employment contrary to any statute or law of the state or United States, such employee shall not be deemed or held to have been guilty of contributor}'- negligence, nor to have assumed any of the risks of such employment; but the employer may show by way of defense any fraud or misrepresentation made by such employee.”
As we have said, it was for the jury to determine whether or not Walter Kutz, the minor, had been employed to work in or about or in connection with the factory before the hour of seven o’clock in the morning and after the hour of six o’clock in the evening, or had been employed to assist in operating the stamping machine used in sheet metal and tinware manufacturing. If he had been, the employment was illegal, and, under the provisions of Section 6245-2, supra, a minor employe could not be deemed or held to have been guilty of contributory negligence; but the employer might show by way of defense any fraud or misrepresentation by such employe. The defendant in its answer alleged that plaintiff represented that he was more than sixteen years of age and that in employing him it relied upon this representation, and that at no time did it have knowledge that he was under sixteen years of age. The burden of proving these allegations was upon the employer. If the jury found from a preponderance of the evidence that *72 there was fraud or misrepresentation on the part of the employe as to his age, the defense of contributory negligence would then be available.
It is said by counsel for plaintiff in error that the record indicates that the action was not only instituted on the theory that the Workmen’s Compensation Act applied, but that throughout the trial both plaintiff and defendant consistently clung to that theory. It is to be noted, however, that counsel for plaintiff requested the court to charge before argument, in substance, that plaintiff had been employed contrary to law and in violation of Section 12996, General Code, supra, and that under the provisions of Section 6245-2, supra, he could not be deemed or held to have been guilty of contributory negligence, nor to have assumed any of the risks of such employment, which the trial court refused to charge.
We think the court of common pleas erred in assuming that the case was One coming within the provisions of the Workmen’s Compensation Act, and that it erred in sustaining the motion of the defendant to have withdrawn from the jury the evidence with respect to the age, the time of employment, and the character of the work. The court of appeals was correct in reversing the judgment of the common pleas court and remanding the cause for a new trial.

Judgment affirmed.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.