Marshall, C. J.
The sole question argued by counsel for plaintiff in error in tills court is that it was error to charge the special request above quoted: it being the contention of counsel that the petition did not plead any such cause of action. It must he admitted that the petition was inartistically drawn, and it may he doubted whether the pleader then had in mind the provisions of Section 13007-3, General Code. It must further he conceded that the further allegation in the petition, that the sole and proximate cause of the injury was the failure to provide safeguards for the emery wheel, was calculated to confuse the defense. On the other hand, the fact that the defendant denied the allegation of plaintiff’s minority in. the answer, coupled with the fur *110 ther fact that the superintendent of the plant voluntarily testified that he was advised by plaintiff at the time of his employment that he was only 17 years of age, is a strong indication that the defendant was aware of that statute, and that it was intended by the answer to place the facts creating a liability under that statute in issue. That indication is further strengthened by the fact that when request was made for special instruction no specific objection was urged that such a cause of action had not been pleaded; neither did defendant request a continuance of the cause or the opportunity to introduce further evidence in relation thereto. Even in the motion for new trial there is no claim of surprise, or that defendant was prevented from having a fair trial by reason of being misled by the allegations of the petition, or that defendant desired to make any further or different defense on the ground of fraud or misrepresentations of such employe. ■
• It is, of course, not necessary to plead a statute, and the petition must be held to state a good cause of action if the allegations of the petition can be fairly construed to show any dereliction of the duty defined by the statute proximately resulting in injury and damage to the plaintiff. A cause of action arises from both facts and law, and, while it is frequently stated that a petition must show a good cause of action, it is nevertheless a fundamental principle of pleading that the legal obligation should not be stated. The pleader should state only the operative facts. The pleading is addressed to the court, and it becomes the duty of the court to add the law to the operative facts, thereby completing the process. It is only necessary to introduce evidence *111 to substantiate the operative facts, and if it is an equity proceeding the court takes judicial notice of the law and applies the law to the facts as established by the evidence. If it is a jury case that is on trial, it is not necessary for the pleader to allege the legal duty in the pleading; neither is it necessary nor proper for counsel to make any reference to the law in the introduction of testimony. When the evidence is all introduced it becomes the duty of the court to advise the jury of the legal obligations arising upon the facts which the evidence tends to prove, and, from a consideration of the evidence received from the witness stand and the law stated by the. court, the jury reach a verdict. Any reference to» a statute, or any copy of a statute set out in full, -Or in substance, or even by reference, in a pleading, should properly be stricken out upon motion.
We have no means of knowing what arguments were made in support of the motion for new trial, or whether the common pleas court, upon disposition of that motion, gave consideration to this particular question, but so far as the record discloses there is nothing to indicate that this objection was specifically made at any time prior to the argument of the error proceedings in the Court of Appeals. If it appears that enough was alleged in the petition to show a dereliction of duty on the part of the defendant, as defined by the statute, and that there was evidence tendered in support of such allegations, and that no specific definite objections were urged at any time in the trial court, it must be held that the objection comes too late in the Court of Appeals.
*112 The later decisions of this Court uniformly hold that pleadings should be given a construction most favorable to the pleader. This is true at and before trial and the role has added force in an appellate court upon review where evidence has been received without objection at the trial. It is another well-settled rule of interpretation of pleadings that a pleading must be construed as an entirety, giving effect to every well-pleaded allegation, and that upon review every pleading should be considered as aided by the entire record. In the case at bar this rule has very forcible application, because there was nut only no objection to the evidence of plaintiff’s minority, but there Was even supporting testimony on the part of the superintendent of defendant company, admitting his knowledge of that fact at the inception of the employment. In the light of the complete record in this case, it is difficult to see how any different conclusion could be reached if this cause should be remanded for new trial. There is ancontradicted evidence of plaintiff’s minority. There is the frank admission that defendant’s superintendent knew that fact at the time of giving him employment, and there could therefore be no defense of deception or misrepresentation concerning plaintiff’s age, and there is an equally frank admission that plaintiff, at the time of his alleged injuiy, was engaged in operating an “abrasive” wheel in grinding a hard steel tool, and it must he conceded that steel is one of the baser metals. If any question is made as to the operation of an abrasive wheel being a process of manufacture, that question must be determined against the plaintiff In error. Manufacture is defined by lexicographers as the produe *113 tion of articles for use from raw or prepared materials, by giving to these materials new forms, qualities, properties, or combinations, whether by hand iabor or by machinery. Another definition is “to work np into form for use.” Clearly this tool had been dulled by use, and it was thereby rendered unfit for use until ground by the abrasive process which had been intrusted to this defendant in error. Technically, manufacture means to make by hand, but by long-continued acquiescence and approval it has a well-defined meaning applicable to machinery. By modem methods of manufacture, different steps have become specialized, and no one operative in a factory could he said to manufacture a complete article. Each workman has his own special function, the operation of each being necessary to the completed whole, and while in a general sense the combined processes are neeessary to the complete manufacture of the article it is equally true that each of the various processes also constitutes “manufacturing.” The defendant is operating a factory, and each and all of the processes of that factory must he held to he manufacturing, and all of the operatives, without regard to the character of the work performed by them respectively, must be held to be engaged in manufacturing.
The ground of recovery in tins action is the violation of a statute. By the earlier cases in Ohio the violation of a statute was held to be evidence of negligence to be submitted to the jury as other evidence. By the later cases the doctrine has become established that the violation of a statute is legal negligence, and that, in order to recover, it Í3 only neeessary to allege and prove facts showing a violation of a statute, or a failure to observe the obliga *114 tions imposed by statute, approximately resulting in loss or injury.
Notwithstanding this action and verdict and judgment are predicated upon a statute, the recovery must be upon the ground of negligence. An action for negligence involves three essential elements: First, the existence of a duty owing by the defendant to the plaintiff; second, defendants failure to discharge that duty; third, injury to plaintiff proximately resulting from such failure.
Concerning the first of these essential elements, the duty may be either created by statute or by the rules of the common law. By the later eases it has been declared by this court that a duty defined by statute is an absolute duty, leaving for the jury only to determine whether there has been a failure to comply with the statute, proximately resulting in injury and damage. This is the pronouncement in Variety Iron & Steel Works Co. v. Poak, 89 Ohio St., 297, 106 N. E., 24. That decision was approved and followed in Schell v. DuBois, Admr., 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710. The former ease was one which involved the violation of a statute, and the latter case one that involved violation of a municipal ordinance. The principle has therefore become reasonably well established that the violation of a statute defining a duty or obligation, proximately resulting in injury and damage, constitutes negligence per se. In the case at bar the defendant company owed to plaintiff, a minor under 18 years of age, the duty not to employ him as an operative of an abrasive wheel in the manufacture of the baser metals. Enough is found in the petition and the answer thereto to raise *115 an issue upon that statute, the record discloses evidence tending to support that issue on the part of plaintiff, the charge of the court properly instructed the jury upon that issue, and the Court of Appeals therefore did not err in affirming the judgment of the trial court.

Judgment affirmed.

Wanamaker, Day and Allen, JJ., concur.