18

No. 18652—William E. Kneale v. S. W. Jennings, et al., Board of Education, Cuyahoga County, Ohio. Error to the Court of Appeals of Cuyahoga county.

**1065. SCHOOLS—Provision in 4736 GC., creating school district, is no constitutional violation as to uniformity of operation, because it is silent as to specific matters board shall consider in deliberating upon creation of such districts.**

CONN, J.

Section 4736, General Code, as enacted in 108 O. L., part 1, page 707, providing for the creation of a school district from one or more school districts or parts thereof, violates no provision of the Constitution as to uniformity of operation merely because the statute is silent as to the specific matters the board shall consider when deliberating upon the creation of districts. The statute contemplates that the County Board, when so engaged, shall give full consideration to every essential element affecting the welfare of the pupils, the residents and the taxpayers of such districts.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Day and Allen, JJ., concur.

---

19

No. 18494—Alfred J. Hummer v. John A. Parsons, et al. Error to the Court of Appeals of Cuyahoga county.

**719. LIENS—Foreclosure of lien on real estate, whether mortgage or mechanics', is a proceeding in chancery and appealable.**

MATTHIAS, J.

1. An action to foreclose a lien upon real estate and to subject property to the satisfaction thereof, whether such lien is a mortgage or a mechanics' lien, is a chancery proceeding and is appealable.

2. Whether a proceeding is an action in chancery or a suit at law is to be determined from the pleadings and from the issue made thereby.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Day, Allen and Conn, JJ., concur.

---

20

No. 18480—Portage Markets Company v. Charles George, etc. Error to the Court of Appeals of Summit county.

**829. NEGLIGENCE—Sale of unwholesome meat to a purchaser is negligence "per se"; and may be basis of recovery by person using it, providing there has been no negligence in its cooking and preparation—Lack of intent to violate pure food law no defense to vendor.**

**1245. VERDICT—Special, will not be set aside, if there is competent evidence to sustain same.**

DAY, J.

1. A special verdict returned at the request of a party upon issues joined in a civil action will not be set aside where there is competent evidence to sustain the same.

2. The violation of the pure food laws of this state by the sale of unwholesome meat is negligence per se and may be the basis of recovery for damages by the user of said unwholesome meat, who suffers injury proximately resulting therefrom, provided said user is not himself guilty of negligence in the care, preparation, cooking or in any other manner, which contributes directly to his injury. (Allen v. Marvin, 64 Ohio St., 608, 46 W. L. B. 208, and Schell v. Dubois, Admr., 94 Ohio St., 93, approved and followed.)

3. In an action for damages against a retail meat vendor growing out of the sale of unwholesome veal in violation of the pure fod laws of this state, it is not error for the court to charge the jury, "Whether or not the defendant intended to violate the law does not make any difference. Whether the defendant or its servant knew that the veal was unwholesome, if it was unwholesome at the time it was sold, makes no difference. Lack of intent to violate the law is no defense to the defendant. The defendant's ignorance of the condition of the veal at the time it was sold is no defense."

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Matthias, Allen and Conn, JJ., concur.