For meaning of Abreviations, See Ternary Digest, page XII.

### No. 399

### WOLF v. HOFFER

No. 20343. Supreme Court

On motion to certify. Dock. 2-24-27, 5 Abs. 138.

829. NEGLIGENCE—Is charge that violation of a statute or ordinance is negligence in and of itself, error?

On July 27, 1923, plaintiff in error, Anna Wolf, was riding in a taxicab owned and being operated by Bert C. Hoffer. As the taxicab came to the intersection of three public thoroughfares, in the City of Cleveland, it suddenly came to a stop, and an automobile to the rear ran into said taxicab, injuring Anna Wolf.

A verdict for $2000.00 was recovered by the plaintiff in the Cuyahoga Common Pleas against the taxicab owner and driver, and the Court of Appeals reversed the case for errors in the charge. The motion to certify is now before the Supreme Court, in an attempt to have the ruling of the Court of Appeals reversed and that of the Common Pleas sustained.

The Court of Appeals considered only two questions in the charge of the trial judge.

1. In view of Pennsylvania Co. v. Files, 65 OS. 403, in which the rule as to future damages is stated as follows:

"Where prospective damages from any injury are claimed, they should be limited by the Court in its charge to such as may be reasonably certain to result from the injury."

Is it error to charge "It is any pain that you find she will suffer in the future"? It is contended by the defendant in error that the charge of court, as last quoted, wherein it was said that "it is what you find from the evidence she will suffer in the future" was unfair and prejudicial to the defendant in error. It is the plaintiff in error's contention that the Court's charge was not prejudicial to the defendant and, if anything, the charge was stronger in favor of the defendant than the requirement laid down by the law in Pennsylvania Company v. Files, supra.

2. The court charged Sec. 12603 and 12603-1 GC. and after reading both of these sections, said.

"It is a rule of law in Ohio that if a person violates a statute or an ordinance the violation of that statute is negligence in and of itself, - - -"

"I have read these other sections as to speed and care required. If you find that the driver of the taxicab violated either one of these sections, or both of them, if you are satisfied that he violated both or either of them, is negligence in and of itself."

The Court of Appeals held this charge to be erroneous. It is urged by the plaintiff in error that the charge is correct and in complete conformity with the case of Schnell v. DuBois, Admr., 94 OS. 93.

Attorneys—Anderson & Lamb for Wolf; J. A. McNeal for Hoffer; all of Cleveland.