**POWELL et v JAFFE et**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9583. Decided March 11, 1929

M S Farmer, Cleveland, for Powell.
Robert L Clark, for Jaffe, et.

Judges RICHARDS and WILLIAMS of the 6th Dist sitting in place of Judges LEVINE and SULLIVAN of the 8th Dist.

WILLIAMS, J.

This section was enacted for the public safety and a violation of it would be negligence per se. **Schell vs. DuBois, 94 Ohio St., 93.** If the dumb waiter had been fully fireproof at the bottom and the walls of the shaft made of plaster and metal laths, the fire starting in the basement would not have been communicated to the shaft and a fire originating in the shaft would have expended itself by consuming the paper therein.

We think there is also evidence tending to show negligence of the owners in permitting the accumulation of waste paper in the shaft and that such negligence was a proximate cause of plaintiffs' damage. The accumulation of large quantities of inflammable waste material in the basement of a building is not necessarily actionable negligence, but if such accumulation constitutes a fire hazard and the surrounding circumstances are such that it may reasonably be anticipated that the inflammable material will catch fire, the owners of the building, by permitting inflammable waste materials to so accumulate would be guilty of negligence and liable for damage directly caused to the property of tenants in the building by such negligence.

For the reasons given the court erred in directing a verdict in favor of the defendants, to the prejudice of plaintiffs in error.

For the reasons given the judgment of the court below is reversed and the cause is remanded for a new trial.

Vickery and Richards, JJ, concur.