**McRAE, Plaintiff-Appellant, v. LESLIE, Jr., a Minor et,
Defendants-Appellees.
McNALLY, Plaintiff-Appellee, v. McRAE, a Minor et,
Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

Nos. 3782, 3783.   Decided April 13, 1955.

Andrew L. Johnson, Youngstown, for plaintiff-appellant, Raymond McRae.

John J. Lynch, Jr., Youngstown, for appellee, John K. McNally.

William E. Pfau, William E. Pfau, Jr., Youngstown, for appellees, James D. Leslie, Jr., and James D. Leslie, Sr.

## OPINION

Per CURIAM.

The cases we review being numbered 189368 and 189522 on the docket of the Municipal Court of Youngstown, and 3783 and 3782 respectively on the docket of this court, were tried and submitted to a judge of that court jointly.   In case number 189368 the trial judge rendered judgment for plaintiff, John K. McNally, against defendant, Raymond McRae, Sr. In case number 189522 the trial judge rendered judgment against Raymond McRae in favor of defendants, James Leslie, Jr., and James Leslie, Sr., and John K. McNally.

Raymond McRae, plaintiff-appellant in case number 3782 and defendant-appellant in case number 3783, appealed from the judgment of the Municipal Court of Youngstown on questions of law.

By agreement of counsel, with the consent of this court, the cases were:—

"* * * appealed to this court on questions of law as shown by the transcripts of the records and the joint amended separate findings of fact and conclusions of law of the trial court; and for other good and sufficient cause, the parties in the above entitled actions are hereby authorized to and may file one assignment of error, one brief, one answer brief and one reply brief, respectively, which shall be filed, considered, treated, used and submitted to this court in both of the above entitled actions for all intents, uses and purposes."

No bill of exceptions was submitted to this court, and since, as indicated supra, the parties stipulated that the cases "are appealed to this court on questions of law as shown by the transcripts of the records and the joint amended separate findings of fact and conclusions of law of the trial court" we adopt the following amended findings of fact and conclusions of law of the trial judge made upon request of Raymond McRae, Sr., and in accordance with the provisions of §2315.22 R. C. (§11421-2 GC), as the factual statement of this opinion:—

"These cases were actions filed by Raymond McRae and John K. McNally, each of whom were the owners of cars involved in a collision on December 21, 1952 on Wick Avenue in the City of Youngstown. In each case these owners sought to recover for damages to their respective cars. Upon motion of the plaintiff in case No. 189522, James D. Leslie, Sr. was added as a Party Defendant.

"By agreement of the parties, the cases were tried jointly. On October 18, 1954 this court rendered judgment for the defendants in case No. 189522 and in case No. 189368, he rendered judgment for the plaintiff versus the defendant, Raymond McRae in the sum of One Hundred Nineteen and 45/100 ($119.45) Dollars and costs.

"Raymond McRae filed a motion in both cases for a separate finding of fact and conclusion of law. The court makes such finding of fact and conclusions of law as follows.

### Finding of Fact

"Upon a consideration of the evidence in these cases, the court finds the following operative facts. On the 21st day of December, 1952, the plaintiff Raymond McRae in Case No. 189522 was the owner of a 1946 Chevrolet automobile and the plaintiff John K. McNally in Case No. 189368 was the owner of a 1951 Studebaker four door sedan. Prior to December 21, 1952, the plaintiff had placed his said automobile in the custody, care and control of James D. Leslie, Sr.; that on the day of this accident the said James D. Leslie, Sr. had allowed and permitted his minor son, James D. Leslie, Jr. to use and operate his automobile in helping his other minor son, Edward Leslie, to deliver newspapers and at the time of the collision, the car of John K. McNally was being driven by James D. Leslie, Jr. The car of Raymond McRae was being driven by Robert Bobby McRae, also a minor. At the time of the accident, James D. Leslie, Jr. was 17 years of age, Robert Bobby McRae was 16 years of age. On the day in question at about 7:30 in the morning, James D. Leslie, Jr. was driving the McNally car. He was helping his brother, Edward, deliver newspapers. He had entered Wick Avenue from the

west from Spring Street, had made a left turn onto Wick Avenue and was proceeding in a northerly direction on Wick Avenue intending to make a right turn into a driveway at 639 Wick Avenue. It was dark at the time. As he approached 639 Wick Avenue, he was travelling to the right of the center line of Wick Avenue. He slowed the speed of his car to about 5 mph and in slowing the speed of his car the tail lights blinked as the brakes were applied. The driver James D. Leslie, Jr. did not make any hand signal nor did he give a mechanical signal of his intention to turn to the right. As he was about to make the turn, Robert Bobby McRae, driving Raymond McRae's car, attempted to pass James D. Leslie, Jr. to his right. A collision of the cars occurred. Robert McRae drove over the right curb of Wick Avenue and then came back down onto the pavement. At the time of the collision, Robert McRae was travelling about 25 mph. As a result of this collision, damage occurred to both cars. Robert Bobby McRea, while following James D. Leslie's car, saw the blinking of the tail lights and he expected James D. Leslie to make a left turn although no signal of a left turn was given. At the point where the accident occurred, Wick Avenue was of sufficient width to permit 3 lanes of traffic; but traffic was not moving in 2 or more substantial continuous lanes in a northerly direction.

"In the cases of both James D. Leslie, Jr. and Robert Bobby McRae, the driver's licenses were issued to these minors under the provisions of §4507.07 R. C. (§7296-10 GC), and they were obtained by the fathers of these respective minors, James D. Leslie, Sr. and Raymond McRae, signing the applications for licenses.

"In failing to give a proper signal of his intention to make a right turn, James D. Leslie, Jr. was guilty of negligence. In the absence of a signal indicating the making of a left turn, Robert B. McRae was guilty of negligence in attempting to pass James D. Leslie, Jr. on his right. The court finds that the proximate cause of this accident was the negligence of Robert Bobby McRae in attempting to pass James D. Leslie, Jr. to his right. Damages to the McNally car amounted to One Hundred Nineteen and 45/100 Dollars and damages to the McRae car amounted to One Hundred Thirty-Three and 85/100 Dollars.

Conclusions of Law

"Under the provisions of §4511.28 R. C. (§6307-28 GC), the only time an operator of a motor vehicle is authorized to pass another car on the right in the absence of a signal indicating a left turn is when traffic is moving in 4 or more clearly marked lanes or whenever traffic is moving in 2 or more substantially continuous lanes in the same direction.

"Since, under the Fnding of Fact, the proximate cause of the accident was the negligence of Robert McRae in attempting to pass to the right of James D. Leslie, Jr. in violation of §4511.28 R. C., Robert McRae becomes legally liable for the damages to the McNally car.

"Under the provisions of §4507.07 R. C., Raymond McRae, father of Robert Bobby McRae, since he signed the application for the driver's license of his minor son, who was under 16 at the time, becomes legally liable for his son's negligence in this situation. Due to the failure of the plaintiff to have a Guardian Ad Litem appointed for the minor defendant Robert Bobby McRae, the court can not legally render judgment

against him. Judgment is therefore rendered against Raymond McRae in the sum of One Hundred Nineteen and 45/100 Dollars, being the amount of damages to the McNally car, and costs."

It is claimed that the trial judge refused to include in his amended findings of fact and conclusions of law items of "operative facts" requested by counsel for Robert McRae. Thereupon he filed the following exceptions to the foregoing findings of fact and conclusions of law of the trial judge:—

"Now comes Raymond McRae, defendant and plaintiff respectively in the above entitled and numbered actions, and hereby enters his exceptions to the court's findings of fact and conclusions of law and amended findings of fact and conclusions of law rendered in the above entitled and numbered actions, in the following respects:

"1. In finding that it was dark at said time and place of said accident. The fact being that it was either daylight or the street lights were burning, or both.

"2. In finding that traffic was not moving in 2 or more substantial continuous lanes in a northerly direction at said time and place of said accident. The fact being that said James D. Leslie, Jr. was then and there driving said McNally car in the middle lane of traffic about 5 miles per hour and said Robert Bobby McRae was then and there driving said McRae car in the outer and right hand lane of traffic about 25 miles per hour, about parallel with said McNally car, in a northerly direction in and upon said Wick Avenue.

"3. In finding that said Robert Bobby McRae was guilty of negligence in then and there attempting to pass said James D. Leslie, Jr. to his right.

"4. In finding that the proximate cause of said accident was the negligence of said Robert Bobby McRae in attempting to pass said James D. Leslie, Jr. to his right.

"5. The court's conclusions of law.

"Said Raymond McRae further hereby enters his exceptions to the court's refusal to consider and include in the court's aforesaid findings of fact and conclusions of law and amended findings of fact and conclusions of law the following operative facts established by undisputed evidence introduced at the trial of said actions, upon request duly made to do so:

"1. At the time James D. Leslie, Jr. entered Wick Avenue from the west from Spring Street and made a left turn thereon in a northerly direction, he saw the McRae car south of Spring Street about parallel with the Sunoco Gasoline Service Station on the east side and the main office building of Youngstown College on the west side of Wick Avenue, coming in a northerly direction in the right hand lane of travel in and upon Wick Avenue.

"2. James D. Leslie, Jr. then drove the McNally car in a northerly direction on Wick Avenue, with full knowledge that the McRae car was then proceeding in the same direction in the rear of him, until he reached a point about 50 feet from the scene of the accident, at which point he drove over into the middle of the street and proceeded therein until he approached a driveway at 639 Wick Avenue, the scene of the

accident. As he was approaching the driveway at 639 Wick Avenue, he slowed the speed of the McNally car to about 5 miles per hour in the middle lane of traffic, and in slowing the speed of the car the tail lights blinked as he applied the brakes of the car, and he then saw the head-lights of the McRae car and saw it as it was approaching from behind in the right hand lane of traffic and as it came almost parallel with the McNally car, and at the time James D. Leslie, Jr. started to make the right turn from the middle of Wick Avenue into the driveway at 639 Wick Avenue, the McRae car was two-thirds of the way past the McNally car on the right side, Edward Leslie, who was sitting on right front seat of the McNally car hollered 'look out,' and the collision of the two cars occurred by reason of which Robert Bobby McRae swerved the McRae car to the right and its right front wheel went over the right curb of Wick Avenue and then back down onto the pavement.

"3. On December 21, 1952, shortly after the accident occurred, James D. Leslie, Jr. and Robert Bobby McRae made the following reports to the Youngstown Police Department of the accident, respectively:

" 'Driver No. 2 (James D. Leslie, Jr.) states he was driving north on Wick Avenue and while making a right turn off Wick into the drive of 639 Wick Avenue Driver No. 1 (Robert Bobby McRae) passed on the right and collision occurred.'

" 'Driver No. 1 (Robert Bobby McRae) states he was driving north on Wick Avenue and saw Car No. 2 (James D. Leslie, Jr.) slow down in the middle of the street so he started to pass Car No. 2 on the right. When Car No. 1 was just along side of Car No. 2, Car No. 2 turned right and hit Car No. 1.'

"4. Three or four days after the accident occurred, defendants James D. Leslie, Sr. and James D. Leslie, Jr. took the McNally car to the Underwood Garage, had it repaired at the cost of $119.45 and paid the same.

"5. On January 11, 1954, John K. McNally transferred the title of said Studebaker automobile to James D. Leslie, Sr."

The trial judge made no ruling on the above quoted exceptions of McRae, Sr.

By assignments of error Raymond McRae contends:—

"1. The trial court erred in refusing to make further and more complete findings of fact as requested by said Raymond McRae in the respects set forth in his exceptions filed in both of said actions, which are hereby attached hereto, made a part hereof, to which reference is hereby made.

"2. The trial court erred in his amended findings of fact and conclusions of law rendered in said actions in the respects set forth in said exceptions of said Raymond McRae, which are hereby attached hereto, made a part hereof, to which reference is hereby made.

"3. The aforesaid judgments of the trial court are not sustained by sufficient evidence, are against the manifest weight of the evidence, and are contrary to law.

"4. The trial court erred in not rendering judgment for the defendant, Raymond McRae, in the aforesaid case of John K. McNally v. Robert Bobby McRae, a minor, and Raymond McRae; and in not rendering judgment for the plaintiff, Raymond McRae, in the aforesaid case of

Raymond McRae v. James D. Leslie, Jr., a minor, James D. Leslie, Sr., and John K. McNally."

By brief counsel for McRae, Sr., and McRae, Jr., states that the "questions presented" are:—

"I. Was Robert Bobby McRae negligent in the operation of Raymond McRae's Chevrolet Automobile?

II. If Robert Bobby McRae were negligent in the operation of said automobile, was his negligence or the admitted negligence per se of said James D. Leslie, Jr., in the operation of John K. McNally's Studebaker automobile the proximate cause of said collision and damages?

"III. Or, if Robert Bobby McRae were negligent in the operation of said automobile, was the concurrent and combined negligence of both him and said James D. Leslie, Jr. the proximate cause of said collision and damages?"

In a word, it is the contention of Robert McRae, as shown by oral argument, that "the appeals are principally upon the court's finding of facts and conclusions of law; that the court's findings of fact and conclusions of law are erroneous; and that the conclusions of law as applied to the facts as the trial judge found the facts to be are erroneous."

Obviously in the absence of a bill of exceptions we have no means of knowing whether the facts found by the trial judge are supported by the evidence; nor whether he applied the law properly to the facts as elicited from the mouths of the witnesses, or erroneously applied the law to the facts as he stated them; nor can we determine whether defendant McRae's Sr., exceptions directed against the trial court's amended findings of fact and conclusions of law are well taken.

"Error in a finding of fact and as to the law arising upon facts appearing in evidence and in overruling a motion for a new trial predicated upon such supposed error must be shown by a bill of exception." **3 Oh Jur. (2d), Par. 369, Page 281.**

The trial judge found that the operators of both vehicles involved in the collision from which the appeals arise were negligent and that the negligence of McRae, Jr., was the proximate cause of such collision, and rendered his judgment accordingly.

In the cases we review the question of proximate cause was a question for the trial judge as trier of the facts, even though one of the parties was guilty of negligence as a matter of law.

See **Smith v. Zone Cabs, 135 Oh St 415, 21 N. E. (2d) 336,** where it is said on page 418:—

"The law presumes negligence from appellant's violation of the ordinance (**Schell v. DuBois, Admr., 94 Oh St, 93, 113 N. E., 664, L. R. A. 1917A, 710**), but does not, from that presumption alone, presume that such negligence was the proximate cause of his injuries. Although the former is presumed as a matter of law, the latter must be proved as a matter of fact. 'Proximate cause and negligence are wholly different elements and should not be confused.' Blackford v. Kaplan, ante, 268 at 273.

"Whether appellant's negligence was the proximate cause of his injuries is a question which can be determined only from a consideration of all the evidence—a function peculiarly for the jury. Where the state

150

of the evidence is such as to justify different minds in reasonably arriving at different conclusions with respect to that question, or whether it is doubtful whether reasonable minds would or would not differ in the inferences drawn from such evidence, the question remains one for the jury. See **Durbin v. Humphrey Co., 133 Oh St 367, 370, 14 N. E. (2d), 5.**"

We have considered the assignments of. error and questions presented, the oral argument and briefs of counsel and the law applicable thereto, and find no error committed to the prejudice of appellants warranting this court disturbing the judgment of the trial court, which must be and hereby is affirmed.

PHILLIPS, PJ, GRIFFITH, J, concur.

## CONCURRING OPINION

By NICHOLS, J.

In these two cases, which were tried together in the Municipal Court of the City of Youngstown, growing out of a collision of two automobiles on Wick Avenue in that city, the trial judge found the drivers of each automobile to have been negligent, but further found that the negligence of one was the proximate cause of the collision and resulting damages.

In the absence of a bill of exceptions in the trial court we must conclude that the trial court correctly found that the negligence of one such driver was the proximate cause of the collision, and it being the province of the trial court, as the trier of the facts, to so find proximate cause this court can not reverse such judgments but must affirm the same upon authority of **Smith v. Zone Cabs, 135 Oh St 415.**