{¶ 65} I respectfully dissent from the majority's opinion affirming the trial court's denial of appellants' summary judgment motion. I agree with the majority's reasoning up to its finding that genuine issues of material fact exist as to whether Officer Enk's conduct was *Page 20 
willful, wanton, or reckless. Instead, I would find that appellants are immune as a matter of law.
 {¶ 66} The evidence, viewed in the light most favorable to appellees, shows that Officer Enk was speeding on an unfamiliar road with bright construction lights and he was fatigued. In my opinion, this is classic negligence and does not raise issues that may rise to the level of willful, wanton, or reckless conduct. See Schulte v. Johnson (1922),106 Ohio St. 359, 361 (holding that a "violation of a [regulation] passed in the proper exercise of the police power in the interest of the public safety, and not in conflict with general laws, is negligence perse"), quoting Schell v. Du Bois, Admr. (1916), 94 Ohio St. 93; Bayer v.Sugar Creek Cartage, Inc., Tuscarawas App. No. 2002AP120099, 2003-Ohio-4803 (holding that the "increased risk for accidents due to a driver's being tired or lacking sleep is not equivalent to substantial certainty an accident will occur"). *Page 1