Robinson, J.
On the evening of the 13th day of November, 1917, the automobile of plaintiff in error collided with the team of mules and wagon of the defendant in error. The defendant in error filed two suits in the common pleas court of Rich-land county against the plaintiff in error, each *283 charging the plaintiff in error with negligence in driving upon the wrong side of the road, with negligence in not displaying proper lights, and negligence in driving his automobile at an excessive rate of speed, the one seeking recovery for injury to his person and the other for injury to his property.
Answers were filed making an issue upon each allegation of negligence, charging contributory negligence on the part of the defendant in error, in that he was driving his team and wagon on the wrong side of the road, and in that he had no lights on his wagon, and averring that the collision occurred more than one hour after sunset. Cross-petitions were also filed charging the same negligence and asking judgment for damages sustained to the automobile of plaintiff in error. Replies were filed denying negligence and contributory negligence.
Upon motion the two cases were consolidated and the cause went to trial upon the pleadings in the two cases.
There was evidence tending to support the respective allegations of the parties. Judgment was recovered by the defendant in error, motion'for a new trial overruled, and judgment of the court of common pleas was affirmed by the court of appeals.
The error complained of here relates wholly to the refusal to charge special requests of plaintiff in error and to portions of the general charge. The special requests were as follows:
“II. In a collision case no recovery can be had for injuries from defendant’s negligence when it *284 appears that plaintiff’s own negligence directly contributed in the slightest degree to the injuries complained of.”
“III. If, at the time of the accident, the sun had set for one hour or more, and the plaintiff had no lights on his wagon, and by reason thereof the defendant was unable to see plaintiff’s wagon or team, and by reason of such want of light, such failure to have attached a light, it directly contributed to the injury, and although the defendant was negligent, the plaintiff cannot recover.’1
That special charge II is a correct statement of the law must be conceded, although we prefer the word “any” to the words “the slightest,” and since there was evidence tending to prove that the negligence of the plaintiff below directly contributed to his injury it was error to refuse to give it to the jury.
The statute with reference to special requests before argument is mandatory, and the duty of the coúrt with reference thereto is to determine whether the request correctly states the law, whether the law as stated is pertinent to one or more of the issues in the case, and, if the request correctly states the law and is pertinent to one of the issues of the case, to give at least one such requested charge on each issue before argument.
Special request No. Ill, whatever may have been in the minds of counsel, is so peculiarly worded that it might well be interpreted as declaring as a matter of law that the absence of lights on the wagon “directly contributed to the injury.” If so interpreted, it invades the province of the jury, *285 proximate cause being a question of fact for the jury._
It is also subject to the interpretation, and probably was so intended to be interpreted by counsel, that if the jury should find that the absence of lights on the wagon directly contributed to the injury the plaintiff could not recover even though the defendant were negligent; and if it were subject to no other interpretation either it or special request No. II should have been given, but not necessarily both. The purpose of all instruction of the jury by the court, whether by special request before argument or by general charge, is to make plain the law applicable to the issues of the case, and a request pregnant with a double meaning, one of which is unsound, or would tend to confuse instead of elucidate, is erroneous and properly refused.
In the general charge th,e court instructed the jury as follows:
“The statutes of this state also provide that whoever operates or drives a motor vehicle upon the public roads and highways of this state shall provide it, among other things, with two white lights in the front, and shall display such lights during the period from thirty minutes after sunset to thirty minutes before sunrise, so that the light therefrom is visible at least two hundred feet in the direction in which such motor vehicle is proceeding. * * *
“The statutes of this staté provide that fit shall be the duty of every person who operates, drives, or has upon any public highway a vehicle on wheels, during the time from one hour after sunset to one *286 hour before sunrise, to have attached thereto a light or lights the rays of which shall be visible at least 200 feet from the front.’ ”
And it is urged here that the paragraph relating exclusively to motor vehicles is erroneous for the reason that Section 12614, General Code, enacted April 28, 1913 (103 O. L., 766), with reference to the lights and the time of displaying same, was repealed by Section 12614-3, General Code, enacted March 7, 1917 (107 O. L., 58). The two sections read as follows:
Section 12614: “Whoever operates or drives a motor vehicle upon the public roads and highways without providing it with sufficient brakes to control it at all times and a suitable and adequate bell or other device for signalling, or fails during the period from thirty minutes after sunset to thirty minutes before sunrise to display a red light on the rear thereof and three white lights, two on the front and one on the rear thereof, the rays of which rear white light shall shine upon and illuminate each and every part of the distinctive number borne upon such motor vehicle, the light of which front lamps to be visible at least two hundred feet in the direction in which such motor vehicle is proceeding, shall be fined not more than twenty-five dollars. Provided, that motor vehicles of the type commonly called motorcycles shall display one white light in front to be visible at least two hundred feet in the direction in which such motor vehicle is proceeding, and one rear combination red and white light, showing red in the direction from which such motor vehicle is proceeding, and such rear *287 light to be so placed that it will reflect its white light upon and fully and clearly illuminate the distinctive license identification mark of such motor vehicle.”
Section 12614-3: “Sec. 1. It shall be the duty of every person who operates, drives or has upon any public street, avenue, highway or bridge a vehicle on wheels, during the time from one hour after sunset to one hour before sunrise, to have attached thereto a light or lights the rays of which shall be visible at least two hundred feet from the front and two hundred feet from the rear. Provided, however, that this section shall not apply to a vehicle designed to be propelled by hand or to a vehicle designed principally for the transportation of hay or straw while loaded with such commodities. A person violating the provisions of this section shall be guilty of a misdemeanor and shall be punished by a fine not to exceed twenty-five dollars.”
While it is difficult to reconcile these two provisions, yet in view of the fact that a compliance with the provisions of Section 12614 by a driver of a motor vehicle complies in all respects with Section 12614-3, and in view of the fact that Section 12614 contains certain other seemingly necessary provisions with reference to motor vehicles not contained in Section 12614-3, -it cannot be said that the whole field has been covered by Section 12614-3. We are, therefore, forced to the conclusion that it was not the intention of the legislature by the enactment of Section 12614-3 to repeal any of the provisions of Section 12614. The only error in *288 the general charge in that respect was in the clause, “This statute applies to vehicles other than motor vehicles or automobiles.” In this respect the court was in error, for the reason that Section 12614-3 applies to all vehicles, including motor vehicles, and a violation of Section 12614 3, by a driver of a motor vehicle, would also be a violation of Section 12614, but a violation of SectionT2614 by a driver of a motor vehicle need not necessarily be a violation of Section 12614-3. Since the driver of a motor vehicle is not excused by Section 12614-3 from complying with Section 12614 and displaying two white lights on the front and one red light on the rear from thirty minutes after sunset to thirty minutes before sunrise, the error in this respect was not prejudicial.
The court also charged the jury: “It is the law that violation of a statute of the state constitutes prima facie negligence. That means simply that proof of the violation of statutes by the operating of an automobile or other vehicle contrary to the provisions of the statutes shall be considered as prima facie proof of negligence, but it is not conclusive. If the jury are of the opinion from a consideration of all the evidence that in this particular case under all the circumstances, that the defendant ran his machine at a greater rate of speed than is provided by law, or otherwise disregarded a statutory duty, or that plaintiff disregarded a-statutory duty, you are not required to consider that fact as conclusive of the negligence on the part of the defendant or plaintiff'unless such negligent act or acts were the proximate or efficient cause of the *289 injury; because the fact of general negligence is within the exclusive province of the jury to determine in the light of all of the evidence, as well as in the light of the standard of duty fixed by the statute, as applicable-to the peculiar circumstances of this case.
“So, gentlemen, whether the defendant was or was not negligent in all or any of the particulars alleged in the petition, is for you to determine from all the evidence before you in this case. All of the circumstances are to be considered to "determine whether an act complained of is negligent. * * *
“What I have charged you as to lights being required upon automobiles would apply to this charge of defendant, the same legal effect as prima facie negligence, but the same rule also applies that this is not conclusive, but may be overcome, and that it is for the jury to determine from all the evidence whether plaintiff was negligent in this respect and whether it was the direct and proximate cause or directly and proximately contributed to the accident and injury.”
The effect of this charge was to submit to the jury the question as to whether a violation of a statute constitutes negligence. This court in the case of Schell v. DuBois, Admr., 94 Ohio St., 93, held: “The violation of a statute passed for the protection of the public is negligence per se.” The violation of a statute passed for the protection of the public is negligence as a matter of law and it was the duty of the court to so charge the jury. In the instant case, by reason of the fact that the *290 undisputed evidence discloses that but one light was displayed on the front of the motor vehicle, and that no light was displayed upon the wagon, and by reason of the admissions and averments as to time, it was the duty of the court to charge that the plaintiff in error was guilty of negligence as a matter of law in not displaying sufficient lights, and, if the jury should find that the accident occurred one hour or more after sunset, that the defendant in error was guilty of negligence as a matter of law in not displaying a light. It was the duty of the court then to submit to the jury the question whether the negligence of the plaintiff in error was the proximate cause of the injury to the defendant in error and whether the negligence of the defendant in error directly contributed in any degree to his injury, and to submit to the jury the question whether the negligence of the defendant in error was the proximate cause of the injury to plaintiff in error and whether the negligence of the plaintiff in error directly contributed in any degree to his injury, the question of proximate cause being for the jury; but the violation of the statute being conceded neither the court nor the jury had any discretion in the performance of their respective duties with reference thereto, the one to instruct and the other to find negligence.
The court also charged in his general charge, of which no complaint is here made by either party, as follows: “The jury is instructed that if it appears from the evidence that the plaintiff and the defendant were both negligent, and that the negligence of both directly contributed to cause *291 the injury, that the negligent acts of both plaintiff and defendant combined so as to directly cause the injury complained of by plaintiff in such way that it is impossible for the jury to apportion the contributing part of each party to the injury, as well as the responsibility therefor, then plaintiff may not recover.”
The words “in such way that it is impossible for the jury to apportion the contributing part of each party to the injury” would seem to lead to the inference that if the jury were able to apportion the negligence between the contributing parties, and were able to determine which party was the more negligent, they would then be entitled to return a verdict against such party.
This is not a correct statement of the law of contributory negligence. The doctrine of comparative negligence does not apply in this kind of cases, and it was the duty of the court to charge that if the negligence of the injured party directly contributed in any extent to the injury he could not recover. Neither has the doctrine of last clear chance any application to this case.
We call attention to these parts of the charge that we may not by our silence appear to approve them.

Judgment reversed.

Nichols, C. J., Jones, Matthias, Johnson, Wanamaker and Merrell, JJ., concur.