## CITY OF EAST CLEVELAND *v.* WALD.

*Negligence—Municipal corporations—Careless and dangerous sidewalk construction—Question for jury—Negligence per se—Violation of municipal ordinance—Excessive verdict without passion and prejudice—Reversal upon weight of evidence of affirmance with remittitur—Court of Appeals.*

1. In an action for personal injuries alleged to have been caused by the careless and dangerous construction of a sidewalk, in that there was a drop of about seven inches from the sidewalk proper to a concrete step, which was about eight inches wide and bordered by a stone curb which was five inches above the paved street, where there is abundant proof that the curbstone border of the lower step as it existed at the time of the accident was the established grade line, that there was no permit to so construct the sidewalk above the established grade line, and the ordinance provided that sidewalks should be constructed so that their top surface should coincide with the established grade, beginning at the curb and extending to the street line with a rise of three-eighths inch to the foot, such facts are sufficient for a submission to the jury of the question whether the construction was careless, dangerous to travel, in violation of an ordinance and constituted a nuisance.

2. The violation of a valid municipal ordinance which is not in conflict with general law, and was passed in the exercise of police power and in the interest of public safety, is negligence *per se*.

3. Where the amount of the judgment in a personal injury case is not sufficient to justify the conclusion that it was the result of passion or prejudice, the Court of Appeals upon a review has power to reverse on the weight of the evidence, finding the verdict and judgment excessive and not sustained by the evidence, or it may affirm in case a remittitur is consented to by the party obtaining the judgment.

(Decided March 2, 1923.)

ERROR: Court of Appeals for Cuyahoga county.

*Mr. E. A. Binyon,* director of law, for plaintiff in error.
*Mr. Jacob DeKaiser,* for defendant in error.

HAMILTON, J. Defendant in error, Marie Wald, brought an action against the municipal corporation of East Cleveland for personal injuries. Upon the trial to a court and jury she obtained a verdict and judgment against the city. A motion for a new trial was overruled, and judgment entered on the verdict. Error is prosecuted here to reverse that judgment.

It appears that plaintiff came out of a store at No. 12606 Superior avenue, with a market basket in one hand, and was leading her child with the other. She saw her husband on the opposite side of the street, and started to cross over to him. There is no street intersection or crossing at the point where she started to cross. On arriving at the edge of the pavement, she fell, and suffered severe injuries.

The full width of the sidewalk was concrete. At the edge of the sidewalk proper there was a drop of about seven inches to a concrete step. The step was about eight inches wide, of concrete, bordered by a stone curb about five inches wide. Then followed a further perpendicular drop of something over five inches to the paved street.

The charge of negligence against the city made in the petition was that this construction constituted a careless and dangerous construction, making the place of the accident unsafe, a dangerous condition, and a nuisance.

The defense was a general denial and a charge of contributory negligence.

A full statement of the case is found in *City of East Cleveland* v. *Wald,* 103 Ohio St., 373, where a former judgment in this case was reviewed and reversed. It is now before this court a second time for review.

At the former trial, before the court and a jury, Marie Wald obtained a verdict and judgment, which judgment was affirmed by this court. The case was reviewed by the Supreme Court, where the judgments of the Court of Appeals and Court of Common Pleas were reversed, and the cause remanded for further proceedings. While the question of contributory negligence is stressed in the brief at this hearing on review, our view of the case is that the question of contributory negligence was passed upon by the Supreme Court in its decision of the case. That decision is the law of this case on that question. The Supreme Court, after stating the facts bearing on the question of contributory negligence, says, at page 376 of the opinion:

"The suggestions would open the door to interesting discussion, if it were not for the fact that the element of contributory negligence is a matter usually considered to be one solely within the province of the jury, and so considered under the state of the proof in this case."

On the retrial of the case the evidence on the question of contributory negligence is substantially as it was in the first trial reviewed by the Supreme Court. The Supreme Court reversed the case, however, on the ground that some of the issues

were not supported by proof, and at page 377 states the following points as lacking proof:

"The reason for the unusual drop from sidewalk to street does not appear. Whether the actual grade of the sidewalk is above the authorized or fixed grade, or whether the actual grade of the paved street is below the authorized or fixed grade, is not developed in the trial. This being an improved street of a city the presumption would exist, in the absence of proof, that the street as well as the sidewalk conforms substantially to grades authorized by the legislative body of the city, and that the 13-inch drop at that point was a natural condition."

Further, in the opinion, at page 379, the court says:

"It is the condition that there obtained in the abstract against which the charge of negligence is lodged. No proof of an explanatory nature, showing the whys and wherefores, and no expert testimony touching the question of good engineering or faulty engineering was offered; no testimony directed towards the abrupt departure from the authorized rules and methods fixed by the city council, from which the jury might have drawn a fair inference of negligence."

The court also says, in conclusion:

"It nowhere appears that legislative requirements were not complied with by the city, either absolutely or substantially, or to the fullest extent that the circumstances of the case would permit."

It is fair to assume that if evidence has been adduced which supplies the lack of proof announced by the Supreme Court, as above quoted, proof sufficient to sustain a judgment has been

shown. We, therefore, search the record to ascertain whether or not such evidence has been supplied.

The record shows that this condition in the curb only exists at No. 12606 Superior avenue, in front of the property of one Koslin; that an adjacent property owner, Gessner, was required by the city to lower his sidewalk to grade, and no step-off exists in front of his property.

Ordinance of the City, No. 865, was introduced in evidence, which provides for sidewalks of full width from curb to the property line as follows:

"*Be It Ordained,* That all sidewalks hereinafter constructed on any public street or highway within the City of East Cleveland shall be so laid that the top surface of the walk at all points shall coincide with the line described as follows: Beginning at the curb line, with the established curb grade as determined by the council, and extending to the street line at right angles to the curb line, with a rise of ⅜ inch to the foot."

There is abundant proof that the actual curbstone border of the lower step, as it existed at the time of the accident, was the established curb grade line. Two engineers, one a witness for the city and one for the plaintiff, both testified to this fact. Further, Ordinance No. 550 was introduced in evidence and bears directly upon this question. Ordinance No. 550 provides as follows:

"*Whereas,* an error exists in the base of levels upon which said street was improved, which error has been discovered, and it is the intention of council to correct so that the grade of said street as re-established shall be the same as now improved,

except as to that portion of said street so as afore-said agreed to be changed.''

The portion of the street which was agreed to be changed was not that portion of the street in question here. The City Engineer, Mr. Garnett, was asked the following question:

"Q. So that in front of the property 12606 * * * the grade of the street and the property adjacent to it, are re-established by this ordinance, in the same position as it is now located and has been located for the past six years?

"A. I would say that it was probably the in-tention to establish a grade which would agree with the curb as it existed.''

The jury had a right to believe from this evi-dence that the stone curb, bordering the lower step, next to the street proper, was the established grade line. There was no legislation granting any special right or permit to construct the walk. It was not constructed in conformity with any grade lines, ordinances, plans, or profiles of the city. There is evidence to the effect that Koslin, in the construction of his new building, placed the foun-dation considerably above the street grade; that Koslin himself constructed the sidewalk with the step, as it existed at the time of the accident. The inference is that he did this to avoid a step-up into his building. The walk could not have been constructed from the curb line, as we find it to be the level of the floor of Koslin's building, and con-form to the ordinance providing for a rise of ⅜ inch to the foot. There is evidence that the side-walk proper was constructed on a grade several inches higher than the walk in front of the ad-

jacent premises, on either side. In other words, the jury could well believe from the evidence that this condition in the construction of the sidewalk was made to conform to the construction of Koslin's building. In any event, it is clear that the sidewalk, as it existed at the time of the accident, was constructed in violation of Ordinance No. 865. The law is that the violation of a municipal ordinance, passed in the proper exercise of the police power, in the interest of public safety, and not in conflict with general law, is negligence *per se.* (*Schell* v. *DuBois, Admr.,* 94 Ohio St., 93.) The city long had notice of the condition and permitted it to exist.

The facts are therefore sufficient to call for the consideration of a jury as to whether or not the construction was careless, in violation of an ordinance, dangerous to travel, and constituted a nuisance.

We are of opinion therefore that the lack of proof, as found by the Supreme Court in the case of *East Cleveland* v. *Wald, supra,* has been supplied.

We are not prepared to say that the finding of the jury in favor of the plaintiff below was manifestly against the weight of the evidence. As above stated, the question of contributory negligence was disposed of by the Supreme Court in the case of *East Cleveland* v. *Wald, supra.*

While the question of the amount of the verdict is not stressed in the brief, it is one of the grounds of error presented in the petition in error, and counsel for plaintiff in error, while he did not argue the question of the amount of the verdict,

did state to the court that he did not waive that question, and presumed it was presented in the consideration of the weight of the evidence. That this question can be considered upon the weight of the evidence was decided by the Supreme Court in the case of *Schendel* v. *Bradford, Admr.*, 106 Ohio St., 387, decided December 29, 1922, where the court says in the opinion, at page 391:

"If not admitted but denied, the amount of pecuniary injury necessarily must be determined from evidence peculiar to each case. When a court finds that the damages are excessive it can only determine that fact from the weight or sufficiency of the evidence; and if the judges of the court of appeals unanimously agree that such damages are excessive it becomes the duty of that court to reverse and remand for new trial, or it may affirm in case a remittitur is consented to by the party obtaining the verdict. In this respect, the power of the court of appeals to award new trial is as plenary as that of the trial court."

There is no evidence of passion or prejudice on the part of the jury in arriving at the amount of the verdict. The amount of the judgment is not sufficient to justify the conclusion that it was the result of such influence. The defendant in error suffered a severe compound fracture of the leg, and injury to the ankle, and several operations were necessary, but a complete cure was effected, except some retarding of the action of the ankle, and some little shortening of the limb. While there was pain, and suffering, and a nervous shock, we are of opinion that the damage, under the evidence, does not justify a judgment of $16,000, but would

justify a judgment of $10,000. Our conclusion is, therefore, that the verdict and judgment are excessive in the sum of $6,000. If defendant in error will remit the sum of $6,000 from the judgment, the judgment will be affirmed. Otherwise the judgment will be reversed on the weight of the evidence.

We do not find the other questions of error prejudicial.

*Judgment accordingly.*

CUSHING and BUCHWALTER, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges VICKERY, SULLIVAN and LEVINE, of the Eighth Appellate District.