## LIABILITY OF A MUNICIPALITY FOR AN INJURY DUE TO ICE ON THE SIDEWALK.

Court of Appeals for Hamilton County.

MATILDA STEINBECK v. THE JOHN HAUCK BREWING COMPANY.*

Decided, April 3, 1916.

*Municipal Corporations—Ordinance Providing Penalties for Failure on the Part of Abutting Owner to Remove Snow and Other Obstructions from Sidewalk—Can Not be Made the Basis of an Action Against an Abutting Owner—For Injury from Falling on a Sidewalk Covered with Ice.*

Allegations that the plaintiff fell and was injured on a sidewalk which was covered with ice and had a "steep descent" toward the next street, do not state a cause of action against the owner of the abutting property, notwithstanding the existence of an ordinance providing that "whenever the sidewalk, or any part thereof, adjoining any building or lot of land or any street, shall be encumbered with ice, it shall be the duty of the owner or owners, occupant or occupants, or any person having the care of such building or lot, to cause such sidewalk to be made safe and convenient by removing the ice therefrom, or by covering the same with sand or some other suitable substance, and in case such owner or owners or other person shall neglect so to do, for the space of two hours during the day time [he or they] shall be liable to the penalty named in the following section."

*Closs & Luebbert* and *Michael G. Heintz,* for plaintiff in error.
*Harmon, Colston, Goldsmith & Hoadly,* contra.

JONES (Oliver B.), J.

Plaintiff seeks to recover damages for personal injuries received by her in a fall upon an icy sidewalk. The action is

*Motion to require the Court of Appeals to certify its record in this case overruled by the Supreme Court, October 10, 1916.

brought against the owner of the lot of land along which the sidewalk extends.

The material allegations of the amended petition under which defendant is sought to be held are as follows:

"That along the north side of said brick building and extending along East Twelfth street is a cement sidewalk, and that said sidewalk slopes eastwardly with a steep descent to said alley to the rear of the premises of the defendant,

\*        \*        \*        \*

"That prior to February 8, 1913, the city of Cincinnati by its board of council had duly passed an ordinance of the said city, providing for the removal of ice from the sidewalks by the owner of the building or lot of land adjoining such sidewalk, and that said ordinance was in force and binding on the date aforesaid. That said ordinance is as follows:

" 'Whenever the sidewalk, or any part thereof, adjoining any building or lot of land, or any street, shall be incumbered with ice, it shall be the duty of the owner or owners, occupant or occupants, or any person having the care of such building or lot, to cause such sidewalk to be made safe and convenient by removing the ice therefrom, or by covering the same with sand or some other suitable substance, and in case such owner or owners, or other person shall neglect so to do, for the space of two hours during the day time, shall be liable to the penalty named in the following section.'

"That the defendant company through its agents had been notified by the police authorities of the city of Cincinnati of the condition of said sidewalk, and had been notified to remove the ice therefrom, or to make the said sidewalk safe by covering the same with sand or with some other suitable substance, but that defendant company failed and refused to remove or cover said ice, but permitted said sidewalk to remain in the dangerous condition as aforesaid.

"That said sidewalk by reason of its being constructed with said steep descent and negligently and carelessly allowed by defendant to remain covered with ice and snow for a period of several days, was a dangerous nuisance and menace to persons using the same, and was the direct cause of the injuries inflicted upon this plaintiff as hereinafter set out."

A demurrer to this amended petition was sustained, and judgment was entered for defendant.

This proceeding in error is brought seeking the reversal of that judgment.

It will be observed that there is no allegation of any structural defect in the sidewalk or that defendant in any way caused or contributed to the bringing of the ice or snow upon it. True, something is said of a steep slope, but it is not alleged that the construction is in any way improper or out of conformity with that of the street, or that the defendant was at all responsible for such slope or descent, which is determined by the city.

If the action had been brought against the owner of adjoining property, it would be substantially the same as *Chase* v. *City of Cleveland*, 44 O. S., 505, where a demurrer to the petition was sustained. The same question was again considered in *Norwalk* v. *Tuttle*, 73 O. S., 242, where it was also held that there was no cause of action and a demurrer to the petition should have been sustained. There would be no liability to plaintiff here on the part of the city, on whom is cast the duty of keeping the street and sidewalk in repair and free from nuisance (G. C., 3714). And as no such duty rests upon the property owner in favor of a passer-by, there is all the more reason why he would not be liable.

It is contended, however, that because of the city ordinance, it became the duty of the property owner either to remove the snow and ice or to cover same with sand, and that when such duty is not performed, a liability would arise in favor of one who might be injured.

The early case of *Van Dyke* v. *City of Cincinnati*, 1 Disney, 532, fully discusses and disposes of this contention. This is a decision of the superior court in special term, but the opinion of Judge Spencer is so clear and convincing that it has been widely cited and approved as an authority.

The ordinance quoted and relied upon by plaintiff, if not identical, is entirely similar to that relied upon in the Van Dyke case, having been continued on the books under the different codifications of ordinances. No question was raised as to the validity of the ordinance.

Counsel for plaintiff undertake to avoid the force of the decision in the Van Dyke case by suggesting that the council had

not legislative authority at that time for the enactment of the ordinance under consideration in the Van Dyke case, while now express authority for the ordinance in its present form is found in Section 3853, General Code:

"The councils of municipal corporations may provide by ordinance for the construction and repair of necessary sidewalks, curbing, or gutters, or parts thereof, within the limits of the corporation, and may require by imposition of suitable penalties or otherwise, the owners and occupants of abutting lots and lands to keep the sidewalks, curbing and gutters in repair, free from snow or any nuisance."

It might be noticed that, if it is necessary to be technical as to the authority conferred, the word "ice" does not appear in the section; but we do not regard this of importance, as there is no question of the power of council to enact the ordinance in its present form. This ordinance provides a penalty for non-compliance, and does not in any way undertake to fix any further liability upon the property owner. There is no doubt that a compliance with the ordinance can be required by enforcing the penalty provided, but no provision is made or attempted to create a liability for any damages that might possibly be occasioned because of such non-enforcement.

It has been held in *Wilhelm* v. *City of Defiance*, 58 O. S., 56, where a judgment had been recovered against the city by reason of a defective sidewalk, that the owner of property can not be required to indemnify the city for damages even though he had been notified by it to repair such sidewalk and had failed to do so. The city had the power construct the walk and collect the cost from the property owner.

The law is well settled that the abutting owner is only liable where he has by some act of commission created the nuisance which caused the injury. *Morris* v. *Woodburn*, 57 O. S., 330; *Rochester* v. *Campbell*, 123 N. Y., 405.

In 4 Dillon on Municipal Corporations, Section 1697, the duty of a city in regard to ice and snow in the streets and on the sidewalks is stated, and numerous cases are cited:

"* * * the mere slipperiness of a sidewalk occasioned by ice or snow not being accumulated so as to constitute an obstruction, is not ordinarily such a defect as will make the city liable for damages occasioned thereby.

"The owner or occupant of the building is not liable, in such cases, to the person injured on the sidewalk in front thereof from natural accumulations of snow or ice."

Among the cases supporting this doctrine may be cited: *Kirby* v. *Boylston Market Assn.*, 80 Mass., 240; *Fuchs* v. *Schmidt*, 8 Daly (N. Y.), 317; *Connolly* v. *Bursch*, 134 N. Y. Supp., 141; *Dahlin* v. *Walsh*, 192 Mass., 163; *City of Hartford* v. *Talcott*, 48 Conn., 525; *City of St. Louis* v. *Conn. Mut. L. I. Co.*, 107 Mo., 92; *Flynn* v. *Canton Co.*, 40 Md., 312; *Taylor* v. *Ky. Co.*, 45 Mich., 74; *Bloom* v. *Toledo*, 2 C.C.(N.S.), 108.

Counsel for plaintiff in error contend, however, that two recent cases in the Supreme Court of Ohio, *Variety Iron & Steel Co.* v. *Poak*, 89 O. S., 297, and *Schell* v. *Dubois, Admr.*, decided February 29, 1916, have in some way changed the rules heretofore announced. In these cases negligence *per se* was found to exist by the court. In the first case a machine was used with a set screw protruding in such a way as to cause the injury, being directly contrary to the statute. In the last case, the excessive speed at which the automobile was driven past the car discharging passengers, in direct violation of the ordinance, was the immediate and proximate cause of the injury. These were, in both cases, acts of commission, where the injury was the direct result of plaintiff's positive act.

In the instant case defendant, to quote the language of the court in *Heeney* v. *Sprague*, 11 R. I., 456, at 461, "has not done anything injurious to others which it was forbidden to do; it has simply left undone something beneficial to others which it was required to do under a penalty in case of default. The thing required was not obligatory upon it at common law. It was a duty, newly created by ordinance, it might have omitted with entire impunity."

The case of *Griswold* v. *Camp*, 149 Wis., 399, is almost identical with the instant case, the ordinance provision being prac-

tically the same, and in that case counsel relied upon the doctrine that: "failure to obey a statute designed to conserve human safety, is negligence *per se.* That is not of universal application. It depends upon the presumed legislative intent. In all cases where the doctrine has been applied there was a manifest purpose to create the liability or make a rule of evidence as to an existing duty. There the ordinance dealt with a situation, where, by statute, the municipality was in duty bound to keep the sidewalks in a reasonably safe condition for public travel, and persons doing work contemplated on premises adjacent to the street, were in duty bound to conduct their operations with ordinary care for the safety of persons lawfully using the walk. The ordinance required the party responsible for the work on adjacent property to aid the city in performing its duty and to do the particular thing as essential to ordinary care on his part. The ordinance did not create any liability; that existed independently of any legislation. All the ordinance did was to regulate the performance of an existing duty. Courts have not gone so far as to construe any such ordinance as that in question as creating a liability such as the one claimed."

We find nothing in the Poak or Schell cases that would in any way require or authorize a change in the law in Ohio as to icy sidewalks as heretofore announced.

The petition in this case fails to state a cause of action.

Judgment affirmed.

JONES (E. H.), P. J., and GORMAN, J., concur.