LAZARIDES *v.* TUROWSKE.

(Decided November 21, 1927.)

*Messrs. Hart & Drukenbrod* and *Mr. F. T. Bow,* for plaintiff in error.
*Messrs. Ake & Abt,* for defendant in error.

SHIELDS, J.   At the May, 1927, term of the Stark county common pleas court the defendant in error, Josephine Turowske, as plaintiff, recovered a verdict and judgment against plaintiff in error, Lazarios Th. Lazarides, as defendant, in the sum of $5,000, as damages for injuries received from slipping and falling upon an icy sidewalk fronting said defendant's building in the city of Canton, Ohio.

In her petition, she says that defendant maintained a spouting on his building, which drained the water from the roof thereof and permitted it to flow

upon the sidewalk in front of his said building, in violation of a certain city ordinance of said city, as set forth in her petition.

She says that on January 25, 1926, in the evening, she was walking west on Eighth street in said city when she slipped and fell upon a ridge of ice which had formed upon the sidewalk fronting along said defendant's building, and seriously injured herself, as averred in her petition. She says that she was at said time in the exercise of due care and that her injuries were caused directly and proximately by the carelessness and negligence of said defendant by his violation of the provisions of said city ordinance, and as in said petition stated.

She further says that said defendant was careless and negligent in permitting ice to so form a ridge upon said sidewalk, as aforesaid, and also in permitting the water to freeze thereon, thereby endangering the life and limb of persons having occasion to use said sidewalk, and that he was further careless and negligent in failing to cover the same with a covering of ashes, sand, sawdust, or other substance to make it safe for travel.

She says that as a direct result of the carelessness and negligence of the defendant, as aforesaid, she suffered the injuries complained of in her petition, for which she prays judgment against the defendant in the sum of $15,000.

In his answer the defendant admits that at the time stated he owned and occupied the premises described in plaintiff's petition, but he denies each and every other allegation therein. As a further answer he denies that there was any ice, snow, or other substance on said sidewalk in front of his said

premises, save and except such as accumulated there by natural causes; that any injuries which plaintiff suffered by reason of the matters set forth in her petition she caused directly by her own negligence, which by the exercise of ordinary care could have been avoided. He denies all liability and asks that said petition be dismissed.

A general denial is filed by plaintiff of the allegations made in the answer, including the contributory negligence charged therein.

The judgment below in favor of plaintiff is sought to be set aside on the ground of alleged errors committed by the trial court, to which end a petition in error, setting up such alleged errors, is filed in this court.

Keeping in mind such assignments of error, the second, third and fourth relate to the same subject-matter, and will be considered together, namely, the overruling of the motion of defendant at the close of plaintiff's testimony, and the overruling of the motion of the defendant at the close of all the testimony, to direct a verdict in his behalf.

As this court has had occasion to announce before this, directed verdicts are authorized only under the evidence of certain conditions, not at random, and the question arises here, did the court below, as a matter of law, err in overruling plaintiff in error's said motions, or either of them, for a directed verdict, on the ground that defendant in error was guilty of contributory negligence at the time she received her injuries on the sidewalk fronting plaintiff in error's premises? In passing on this and similar questions, in *Kasky* v. *B. & O. Rd. Co.,* 23 Ohio

App., 185, at page 188, 155 N. E., 174, 175, the general rule is stated:

"Such a motion involves an admission of all the facts, which the evidence in any degree *tends* to prove, and presents only a question of law, whether each fact indispensable to the right of action and put in issue by the pleadings has been supported by some evidence. If it has, the motion must be denied, as no finding of facts by the court, or weighing of the evidence, is permitted."

Here a thorough examination of all the testimony contained in the record as to the conduct of the defendant in error at the time she received her injuries repels the presumption of contributory negligence and clearly shows that she was entirely free from such negligence. On the contrary, the testimony shows that she was walking along on said sidewalk in the early evening of the day referred to in said petition in the exercise of due care, without knowing of the existence, and without noticing or having occasion to notice the ridge of ice spoken of until she slipped and fell upon the same, and as a direct result thereof she sustained the injuries set out in her petition, testified to by several witnesses, and the effects of which were testified to by her attending physicians. What the effect of the covert attack upon the testimony of these witnesses was upon the jury we have no means of knowing, but, in the light of the testimony referred to, it is safe to say it fails to influence this court. The errors raised are held not to be well taken. It might be added to what has already been said that the testimony of the witnesses, who were at the scene of the accident at the time or soon after, was that it was "neither

light nor dark," and that the ridge of ice formed from the water flowing from the down-spouting was "partly covered with snow."

In the judgment of this court, this case is unlike the *Naef case,* 54 Ohio St., 529, 44 N. E., 236, cited in the brief of plaintiff in error. In the case before us, the source of danger was not plainly visible, nor did defendant in error know of the existence of the ridge of ice; on the other hand, it was not light enough to see, and the ridge of ice was partly covered with snow, as testified to by witnesses. It would seem that the street light below said building afforded little light to said sidewalk, and that the frozen condition of the windows of said building were of no helpful assistance in this respect. In the absence of knowledge of the actual condition of this sidewalk, and being unable to see the ridge of ice thereon, would not the defendant in error, if in the exercise of due care, have a right to presume that the sidewalk was safe for pedestrians to travel on? And in this connection the sufficiency of plaintiff's petition is attacked by demurrer. While, as counsel for plaintiff in error argues, Section 3714, General Code, imposes on the municipality the duty of keeping the streets and sidewalks open and free from obstruction and nuisance, still it can scarcely be claimed that said section exempts one from liability who is guilty of affirmative negligence in causing an injury. Here, as counsel for defendant in error claim, the action is based on a violation of section 177 of the city ordinances, which is as follows:

"It shall be unlawful for any one who being the owner, agent or person in charge or control of any building within the limits of the city of Canton to

construct, maintain or permit to be constructed, or maintained on said building, any spouting, conductors or pipes through which water, other liquids or steam shall drain or flow upon or over any public sidewalk of said city.''

And here it is averred that plaintiff in error violated said ordinance, and it is further averred that plaintiff in error did not drain the water coming through said spouting into a sewer, or convey it under the sidewalk into the gutter in front of plaintiff in error's premises, nor did he have a concrete gutter constructed across said sidewalk for the purpose of carrying the water from the down-spout on his said building across said sidewalk, thus violating the provisions of Section 178 of the city ordinances.

Counsel for plaintiff in error cite and rely on the case of *Steinbeck* v. *Brewing Co.*, 7 Ohio App., 18, that an ordinance placing a penalty upon lot owners to keep sidewalks free from ice and snow does not create any liability. An examination of the holding of the court in that case discloses the following:

''An owner who fails to remove ice from a sidewalk extending along his premises, where same was formed thereon by natural causes and without any act or fault on his part, * * * is not liable in damages to one who sustains injuries by falling upon such icy sidewalk.''

But, as counsel for defendant in error say, while the petition herein was drawn in a manner and pleaded an ordinance similar to the ordinance in the Steinbeck case, ''here on the suggestion of counsel for plaintiff below the court withdrew the same from the consideration of the jury, and the case was left

to stand on the down-spout ordinance, which presents an altogether different proposition and relates to an affirmative act of negligence on the part of the property owner which caused the ice to accumulate in front of his property by artificial means, as distinguished from natural causes,'' citing 28 Cyc., p. 1438; also 13 Ruling Case Law, p. 416.

Counsel say that the foregoing authorities cite the common-law rule, but it must not be overlooked that here we have a city ordinance regulating the discharge of water from a down-spout on a building, and the charge here is that the provisions of said ordinance in this behalf were violated, which in the opinion of this court is clearly apparent in view of the record evidence herein.

Calling attention to the case of *Johnson* v. *Grunkenmeyer,* 8 N. P., 274, cited by counsel for plaintiff in error, counsel for defendant in error claim that the decision in that case is in harmony with the claim made by them herein, namely, that an affirmative act of negligence on the part of the owner of a building subjects him to liability for such negligence. And, commenting on the case of *Fagins* v. *Bloch Realty Co.,* 25 C. C. (N. S.), 122, cited, it is contended by counsel for defendant in error that the court evidently placed its decision in that case upon the ground that the plaintiff in error was familiar with the condition of the sidewalk, and that notwithstanding that fact and the further fact that the faulty condition of the sidewalk was visible, plaintiff in error elected to go upon said sidewalk—a case somewhat different from the case before us. A review of the foregoing fails to persuade us that the plaintiff's petition here is open to attack upon the ground that

it fails to state a cause of action, and, as already indicated, numbers 2, 3 and 4 of the specifications of error are therefore held not to be well taken.

The charge of the trial court to the jury is claimed to be erroneous, first, because the court refused to give to the jury in his charge certain requests made on behalf of plaintiff in error; and, second, for erroneous statements of law in relation to the case, stated in grounds of error Nos. 5 and 6.

On behalf of plaintiff in error it is contended that the trial court erred in giving to the jury in the charge request No. 1, special reference being had to the fact that the court charged that a violation of Section 177 of the city ordinances would be negligence *per se*. First, let it be known that request No. 1 was submitted in connection with request No. 2, and that the two requests were and are to be considered together. As we gather from the record, they constitute an indivisible instruction on the subject of the negligence charged, and were evidently so intended when given in charge to the jury. After charging the jury that defendant in error had the right to rely on the presumption that plaintiff in error had complied with the said city ordinance in reference to the requirements of said downspout ordinance, said request No. 2 was given, which is as follows:

"I will say to you as a matter of law, if you find by a preponderance of the evidence that the defendant violated Section 177 of the ordinances of the city of Canton, which is the ordinance just read to you in proposition No. 1, and by reason of his failure to comply with such ordinance a ridge of ice was caused to form in front of defendant's premises, and that

the plaintiff was in the exercise of due care as she approached and stepped upon said ridge of ice and was injured as a result of slipping upon said ridge of ice, then the plaintiff is entitled to recover at your hands.''

Was it erroneous to charge that a violation of Section 177 of the city ordinances constituted negligence *per se?* Under the holding of our Supreme Court in the case of *Schell* v. *Du Bois, Admr.*, 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710, it is contended on the part of defendant in error that it was not erroneous to so charge. We share this view, and, while said request does not employ the language usually employed by courts in describing the manner and effect of an injury received through the negligence of an owner ''as the direct and proximate cause of an injury,'' still it does state that ''she was injured as a result of slipping upon said ridge of ice,'' which in the judgment of this court is the equivalent of the above method of pleading.

It will also be observed that the trial judge in his charge expressly defined the meaning of ''proximate cause'' to the jury. For the foregoing reasons we do not think the court erred as alleged in grounds of error Nos. 5 and 6, or either of them.

As to the ground of complaint made in No. 7 of said alleged errors, we find no substantial cause for complaint.

Lastly, No. 8 of alleged errors is that the judgment entered herein is contrary to law and against the weight of the evidence in the case. Under the law the burden is cast upon the plaintiff below to make proof of the material allegations in her petition, or at least some one of them, to entitle her to

recover against the defendant. Failing in this, she must lose out in this lawsuit. On the other hand, if she is shown to have made proper proof, and the record likewise shows that the jury were properly charged as to the law of the case, then, in that event, she is entitled to an affirmance of the judgment below, assuming that the same is free from prejudicial error and that it is not excessive. Not unlike all litigation of this character, where the basis of recovery is negligence, and the defense is a denial of such negligence, supplemented with the countercharge of contributory negligence, witnesses, for and against the parties, appear sometimes with a family bias, at other times with a spirit of noticeable friendliness to or against one or other of the parties, all of which undergoes the scrutiny of the jury. Reading this record there is little outside of the testimony of the plaintiff below and her daughter as to how this accident happened. Their statement is unopposed and unimpeached, except possibly by the shadow of suspicion thrown over part of it in the interest of keeping off a verdict. As we read the entire record, there is no express denial of plaintiff in error that he was guilty of a violation of both of said city ordinances, and not a word is uttered in the matter of his constructing a metal gutter from the bottom of the down-spout across the sidewalk to the gutter, as required by said down-spout ordinance. Upon the whole record, we are of the opinion that plaintiff in error had a fair trial, that the jury received an able and intelligible charge from the trial court, that the verdict of the jury is sustained by the evidence, that the amount of the verdict is not unreasonable or excessive, and that plaintiff in error's

continued disregard of the provisions of the ordinance warranted punishment in damages under the evidence herein and the law. This is upon the theory that the law, which is jealous of the protection to life and limb, will not permit public sidewalks to contain "sleepers," like bumpers of ice partially covered with snow extending across the sidewalk, as in this case, as a menace to pedestrians having occasion to use such sidewalks. Public sidewalks are for use by pedestrians, who have a right to travel over them either by day or night, feeling that they are secure in the protection afforded by the law, and with this denied them, and they suffer an injury, they naturally appeal to the law for damages. Such was the case here. Under this record, the judgment of the court below will be affirmed.

*Judgment affirmed.*

LEMERT and HOUCK, JJ., concur.