WHEELING & L E RD CO v BENSON

Ohio Appeals, 6th Dist, Lucas Co

No 2150, Decided Feb 4, 1929

C A Seiders, Toledo, for Rd Co.

Miller, Brady & Yager, Toledo, for Benson.

Judges Shields, Houck & Lemert, of the Fifth District, sitting.

SHIELDS, J

The first ground of error presented is that the court erred in overruling the motion of plaintiff in error for a directed verdict in its favor at the close of the evidence introduced on behalf of defendant in error, and in overruling a like motion submitted on behalf of plaintiff in error at the close of all the evidence in the case. A reading of the record shows that there was evidence then pending before the jury involving disputed questions, of fact, and with such conditions existing the trial court, as a matter of law, was not authorized to interfere with what was plainly the province of the jury.

Kaskey vs. B. & O. R. R. Co., 23 **OHIO App.,** 185-188.

The second ground of error urged is that the verdict is contrary to the evidence and to law and the evidence. Not unlike all personal injury cases, the evidence is more or less conflicting in the narrative of witnesses of an accident upon a trial, and the case before us is not an exception to the general rule. While it is a fact that defendant in error was injured at the time and place stated, the proximate cause of such injury is open to inquiry for, as claimed on behalf of plaintiff in error, defendant in error being in a place of danger, he was guilty of negligence in not properly looking out for trains that might be passing on plaintiff in error's railroad, before crossing the tracks. This charge was expressly denied by both defendant in error and the witness Heferle, who was operating the automobile, both of whom testify that they looked in each direction for trains, and, seeing none, they undertook to pass over the crossing. They further testify that in looking for trains, they heard no signal of the approach of any trains at said crossing, that said train was then being run at a high and dangerous and excessive speed, and at a speed in direct violation of the provisions of an ordinance of said city of Toledo regulating the rate of speed of railroad trains through the corporate limits of said city. This statement, if true, was violation per se.

**Schell vs. DuBois, Admr., 94 Ohio St., 93.** And that said train was running or coasting at a high rate of speed at the time of said accident is supported by the testimony of other witnesses, also. In the light of this testimony we cannot otherwise find and

**136**

hold than that said train was running at a rate of speed in violation of the provisions of said ordinance and at a rate of speed inconsistent with the rights of the travelling public at said crossing, and we further find that, under the testimony, defendant in error was not guilty of negligence in not properly looking for passing trains on plaintiff in error's railroad at the time of said accident, nor was he guilty of any negligence contributing to his said accident and injuries, and if we are correct in this view, it follows that a recovery in favor of defendant in error is not contrary to the weight of the evidence or contrary to the law of the case.

The next ground of error claimed is that the court erred in the admission and exclusion of certain testimony by the trial court upon the trial. We find no such ruling by the court in this respect, where the legal rights of plaintiff in error were materially or prejudicially affected.

Lastly, it is claimed that the court erred in his charge to the jury. No such error was pointed out to this court in the oral argument of counsel, nor in his brief, except that reference was made thereto after said charge. We have examined the charge and, in our judgment, it contains a sound and correct statement of the law applicable to the case.

In his brief, counsel complains that the verdict is excessive and the result of passion and prejudice. The general rule of law laid down by the courts is that the question of damages is a matter within the discretion of the jury under proper instructions of the court, and when this is done, courts will be slow to interfere with verdicts so rendered. Here the jury were in possession of all the facts in and growing out of this accident, the character and extent of the injuries received by defendant in error and the probable effect of such injuries upon his future years, and we know of no reason why the verdict of the jury should be interfered with.

Judgment of the court of common pleas is affirmed.

Houck and Lemert, JJ, concur.