## MASTERS, Admr etc v VAN LEHMDEN

Ohio Appeals, 1st Dist, Hamilton Co
No 3610.   Decided April 21, 1930

Bates, Stewart & Skirvis, Gatch, McLaughlin & Gatch and Robert A. Kleinman, all of Cincinnati, for Masters.

August A. Rendigs, Jr. and Edward Lee Meyer, both of Cincinnati, for Lehmden, et.

### HAMILTON, J.

There are several specifications of error, but the only important point of error presented in the record is the complaint that the court failed to charge on wilful and wanton negligence, although such charge was requested by the plaintiff and was one of the issues in the case, made by the pleadings.

The trial court charged fully on the doctrine of last clear chance, which, under the facts of the case, is a doubtful issue.

It appears from the record that plaintiff's decedent, a workingman at a foundry, in company with two other men, at the close of their work, started across Colerain Avenue, a wide street in the City of Cincinnati, at a place other than a designated crossing. They had reached the middle of the street and were on what is known as the devil's strip between two lines of tracks of the Street Railway Company. They had paused there for some reason, probably to await the passing of vehicles or a street car, going in the opposite direction. It was in plain daylight. And while in this position, the defendant's truck, driven by an employe, came down the street at a "terrific rate of speed", estimated by a witness at forty to fifty miles an hour, and the reasonable inference from the evidence is that he was headed directly toward these men in the middle of the street. The driver states he saw the men when he was 75 to 100 feet away. It appears that the three men realized their dangerous situation with reference to the rapidly approaching truck. Two of the men stepped forward and decedent stepped backward. When too late to accomplish the purpose, it seems that the driver of truck undertook to turn out to avoid hitting the men, but struck Masters, killing.

We are of opinion that these facts present a question for the jury of wilful and wanton negligence, within the meaning of that phrase, as defined in the cases of **Higbee Co. v. Jackson, 101 Ohio St., 75,** and **Payne, Director General, v. Vance, 103 Ohio St., 59.**

The trial Judge in refusing to charge on wilful and wanton negligence conceived the idea, as indicated by his memorandum, that in charging on the last clear chance doctrine he had made an easier case for the plaintiff than had he placed the burden of proving wilful and wanton negligence on her. When we consider that under the decision in the case of **Schell v. DuBois, Admr., 94 Ohio St., 93,** that the violation of an ordinance is negligence per se, it follows that the deceased was continuously negligent per se until struck by the defendants' machine, and, therefore, continuously guilty of contributory negligence. The only basis of recovery in this action, under the law and the facts, would be on the ground of wilful and wanton negligence against which contributory negligence is not a defense.

The trial court, therefore, committed error in failing and refusing to charge

directly on the question of wilful and wanton negligence, and for that error the judgment will be reversed, and the cause remanded to the court of Common Pleas for a new trial.

Cushing, PJ, and Ross, J, concur.