**PENNSYLVANIA R. CO. v. FOLGER.**

No. 10660.

United States Court of Appeals Sixth Circuit.

Oct. 25, 1948.

R. H. Treffinger, of Columbus, Ohio (Burr, Porter Stanley & Treffinger, of Columbus, Ohio, on the brief; Charles S. Gillispie, of Columbus, Ohio, of counsel), for appellant.

Russell Leasure, of Columbus, Ohio (Paul M. Herbert, of Columbus, Ohio, on the brief; Herbert & Dombey, of Columbus, Ohio, of counsel), for appellee.

Before ALLEN, MARTIN, and MILLER, Circuit Judges.

PER CURIAM.

This appeal is prosecuted from a judgment of the District Court entered on a jury verdict in a personal injury case arising out of a collision on a grade crossing between an automobile driven by appellee's decedent and a passenger train of appellant's railroad. The accident occurred in the village of West Lafayette, Coshocton County, Ohio. The decedent was driving his automobile at about midnight in a southerly direction on State Route 93. At the grade crossing there are four sets of railroad tracks, an east-bound and west-bound main track, and two spur tracks, one to the north and one to the south of the main tracks. Flasher light signals were located at the northwest and southeast corners of the crossing, and it is conceded that the track circuit extends 3387 feet in both directions, east and west. As the decedent approached the crossing a freight train was standing east of the crossing on the west-bound track, with the front end of the engine some 250 or 300 feet east of the

highway. A passenger train was approaching on the east-bound track, that is, the south track. The flasher lights were operating. An eyewitness, Harry Goodwin, saw the decedent's automobile slow down, but it did not stop and continued across the crossing without materially changing its speed, and was struck by the oncoming passenger train. When Goodwin first saw the engine of the passenger train the automobile was approximately three feet north of the northerly spur track, some 60 or 70 feet from the east-bound track. Its speed was not quite ten miles per hour. At that time the passenger train was passing the tool shed, which is conceded to be approximately 490 feet west of State Route 93.

The engineer and conductor testified that the whistle was sounded according to the statute, and a resident of a house a block away heard the whistle; but Goodwin did not hear it. The decedent was killed in the collision, and hence some of the most important testimony in the case with reference to the events which led up to the accident is that of Goodwin.

We deem it unnecessary to discuss the question of physical obstructions on the right of way and the layout of the tracks, because in our view one proposition is determinative, namely, that the evidence, when considered in the light most favorable to the appellee, establishes as a matter of law that the decedent was guilty of contributory negligence which proximately contributed to cause his death. It is uncontradicted on this record that the decedent drove across the crossing in violation of statute, and thus was guilty of negligence *per se.*

Section 6307-60, General Code of Ohio, provides:

"No person shall drive a vehicle across a railroad grade crossing when:

"(a) A clearly visible electric or mechanical signal device gives warning of the immediate approach of a train * * *".

' Here the uncontradicted evidence shows that flasher lights were in operation during the entire period of the accident. The locomotive was some 490 feet west of the crossing, going 70 miles an hour at the time the automobile was some 70 feet from the track.

The all-important fact is that the passenger train was within the circuit of the flasher light, which is conceded to be 3387 feet west of the crossing, as the decedent drove up to the tracks. In its answer to one of the interrogatories, the jury specifically found that at the time the decedent drove his automobile upon the crossing where the collision occurred, the electric mechanical signal device was giving warning of the immediate approach of a train. The fact that the flasher light was also giving warning of the presence of the standing freight train does not affect the determinative importance of the circumstance that the decedent had warning of the approach of the passenger train.

Under these conceded facts, the case falls squarely within the ambit of § 6307-60, General Code of Ohio. Driving across the grade crossing under these circumstances was negligence *per se,* under long-established Ohio law. Schell v. DuBois, 94 Ohio St. 93, 113 N.E. 664, L.R.A.1917A, 710; Pennsylvania R. Co. v. Moses, 125 Ohio St. 621, 184 N.E. 8.

The judgment is reversed and the case is remanded with instructions to enter judgment for the appellant.