THE KNUTZEN MOTOR TRUCKING Co. *v.* STEINER.

(Decided November 12, 1928.)

*Messrs. Black, McCuskey, Ruff & Souers,* for plaintiff in error.

*Messrs. Hart & Drukenbrod,* for defendant in error.

Houck, J.   In this opinion the parties will be referred to as they stood in the lower court, being the reverse of the order in which they stand here.

The plaintiff, George Steiner, brought an action in the common pleas court against the defendant, the Knutzen Trucking Company, for $50,000 damages for personal injuries alleged to have been caused by a truck of defendant, which was negligently operated by an agent and employee of defendant, and which injuries plaintiff claimed perma-

nently disabled him to such extent that he will never be able to perform any work or labor or earn a living for himself and family. He avers in his amended petition that his left leg was broken; that he had a contusion of the brain; and that he was knocked unconscious and suffered numerous bruises, lacerations, cuts, contusions, and other injuries.

The answer denies all of the material averments of the petition, and further sets forth that, if the plaintiff sustained the injuries set out in his petition, such were caused by his own careless and negligent acts in various particulars set forth in the answer.

The reply denies all of the material allegations of the answer.

Upon these pleadings and the evidence and charge of the court, the cause was submitted to a jury, which found for the plaintiff in the sum of $12,500.

The motion for a new trial was overruled, and judgment on the verdict was entered on the journal.

Numerous grounds for reversal are stated in the petition in error and in plaintiff in error's brief, but in oral argument the following are relied on:

(1) That the court erred in the admission of certain testimony to which the defendant objected and excepted.

(2) That the court erred in refusing to charge the jury as requested by the defendant.

(3) That the court erred in his general charge to the jury.

(4) That the court erred in refusing to direct a verdict for the defendant at the close of the plaintiff's testimony, which motion was renewed at the close of all of the testimony.

(5) That the court erred in overruling a motion for new trial.

Did the trial court err in permitting certain parts of the testimony of the witnesses, Clifford Steiner and George D. Steiner, as to a conversation had with one Benson, the agent and representative of the defendant, to go to the jury?

It is urged that this testimony was merely hearsay and not admissible. While this might be true, if standing alone, yet taking it in connection with the testimony of William Kirchoff, a witness for defendant, on the same subject-matter, we are satisfied that no prejudicial error has intervened in this respect. If any prejudice to defendant existed in the first instance, the sting was taken out as a result of the testimony of Kirchoff, offered as a witness by defendant.

"A judgment will not be reversed on error for the erroneous admission of evidence, where it appears from the record that the fact which the evidence tended to prove was admitted by the party seeking the reversal, and that the evidence was, therefore, in no way prejudicial to him." *Evans* v. *Reynolds,* 32 Ohio St., 163.

It is urged that the trial judge erred in permitting the following testimony of Steiner to remain in the record:

"Question: Anything else said there that morning? Answer: Nothing, only that he (Benson) had turned the report in to the insurance company."

A careful examination of the record before us convinces us that counsel had no intention of bringing this out. The question propounded was in no way instructive or suggestive to the witness as to the answer desired.

Counsel for plaintiff made no objection to its being excluded; yet the trial court in its discretion permitted the answer to remain.

It is urged that the admission of this testimony disclosed to the jury that an insurance company was defending this suit, for which reason defendant would not have to pay any sum found against it and that therefore the verdict in question was returned. In the light of the record we do not so find.

We must speak from the record under review, and, basing our judgment upon it, are unable to find that, if the questioned evidence had been excluded, a different verdict would have been returned by the jury in this case. It follows that a reversal cannot be had upon this ground.

Did the trial judge commit prejudicial error in his charge or failure to charge the law to the jury?

Counsel contend that the following given in charge to the jury is erroneous and prejudicial to his client:

"Ladies and gentlemen of the jury, I charge you that the violation of a statute or ordinance, passed for the protection of the public, is negligence *per se,* meaning actionable negligence, and when such act, or acts, by the defendant is the direct and proximate cause of the injury, not directly contributed to by the injured person, the defendant is liable. That is to say, it is a law of Ohio that one who violates an ordinance of a city or municipality of the state of Ohio, enacted for the safety of the people, and thereby proximately and directly causing injury to another, for whose protection the ordinance is enacted, is liable to the person injured, unless the negligence on the part of the person injured directly contributed to bring about the injury."

It seems almost unnecessary to cite counsel to a decision of our Supreme Court, which to us appears to be directly in point, to wit, *Schell* v. *Du Bois,* 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710.

Under the evidence and law, it is urged that certain negligent acts on the part of plaintiff caused his injury, and that the court did not fully and completely give in charge to the jury the law governing them.

The law, as we view it, applicable to the question raised here, is laid down in the case of *McMurtrie* v. *Wheeling Traction Co.,* 107 Ohio St., 107, 140 N. E., 636:

"1. Where any phase of the facts, as shown by the evidence upon the subject of contributory negligence, will warrant the inference that the plaintiff, at the time of the injury, was exercising due care, it cannot be said that plaintiff was guilty of contributory negligence, as a matter of law.

"2. In all cases where in determining the existence or non-existence of contributory negligence it becomes necessary to detect the truth from conflicting evidence, it becomes a question of fact and not of law."

The facts as found in the bill of exceptions in the present case, and the law as given by the court as to them, when measured by the law as laid down in the cited case, clearly satisfy us that the defendant has not been prejudiced in the premises.

Keeping in mind what has already been said as to the alleged errors herein discussed, we think it unnecessary to refer to the suggested errors based on the lower court's refusal to sustain motions for a directed verdict and a new trial, except to say

that neither of them is well taken nor has any support in fact or law.

Counsel for defendant stated in open court that it appeared to him that the verdict was excessive. Whether a verdict is excessive in some instances presents nice and difficult questions. Where courts have no standard of comparison to guide them, the problem is not one of easy solution. Yet the general rule seems to be that, in cases where there is no standard of compensation, reviewing courts will not disturb a verdict unless its amount is so out of proportion to the damages shown by the evidence as to fully satisfy the court that the jury in fixing the amount was governed by prejudice, passion, or some feeling outside of the evidence, instead of by cool and calm judgment, and this we do not find. See *Simpson* v. *Pitman,* 13 Ohio, 365; *Fisher* v. *Patterson,* 14 Ohio, 418; *Schneider* v. *Hosier,* 21 Ohio St., 98; *Pittsburgh, Ft. W. & C. Rd. Co.* v. *Slusser,* 19 Ohio St., 157; and *Schendel* v. *Bradford, Admr.,* 106 Ohio St., 387, 140 N. E., 155.

Basing our conclusion upon the record, which we have examined with much care, and the law, as given by the trial judge to the jury, we find that a fair and impartial trial was had between plaintiff and defendant, that no prejudicial error has intervened, that substantial justice has been done in the premises, and that the judgment of the common pleas court should be affirmed.

*Judgment affirmed.*

Lemert and Roberts, JJ., concur.