JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant Anthony Schilero (appellant) appeals the trial court's denial of his motion to vacate judgment. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On May 25, 1995, Beverly Schilero and her business partners (tenants) entered into a contract to lease the Theatrical Grill, located at 711 Vincent Avenue, in downtown Cleveland, from the premises owner, Theatrical Grill, Inc. (owner). According to the lease, tenants were to pay owner $60,000 per year, plus a percentage of profits from June 24, 1995 through June 24, 2000. In addition, tenants were to maintain and repair the property during the lease period. The contract also contained an option to purchase the property for $2.5 million. Appellant Anthony Schilero was the guarantor of this debt.
 {¶ 3} During the course of the lease, the restaurant was not profitable and tenants tried various entertainment themes, such as a comedy club, a sports bar, and eventually a strip club, to pick business up. Ultimately, all were unsuccessful. In March 1999, the city of Cleveland provided notice to the parties that adult entertainment was not permitted on the premises. On October 11, 1999, tenants advised owner that they could no longer afford the rent and requested that owner draw the remaining payments from the $75,000 security deposit. Tenants removed furniture, lighting fixtures, and all of the alcohol from the premises and closed the *Page 4 
restaurant. On November 9, 1999, owner exercised its right to re-enter the premises and changed the locks.
 {¶ 4} On March 27, 2000, owner sued tenants and appellant for breach of contract, alleging that tenants gave notice of their intent to not pay the rent, abandoned the premises, and damaged and stole property from the premises. On October 6, 2005, the jury found that tenants breached the commercial lease, and rendered a $278,156 verdict for owner. On March 2, 2006, the court granted owner's motion for prejudgment interest, increasing the judgment to $561,728.50. Although tenants and/or appellant filed many post-judgment motions that were denied by the court, a direct appeal on the merits was never filed.
 {¶ 5} On September 6, 2006, appellant filed a Civ.R. 60(B) motion for relief from judgment based on newly discovered evidence. On September 21, 2006, the court denied this motion, and it is from this denial that appellant appeals.[1]
 II. {¶ 6} In his sole assignment of error, appellant argues that "the trial judge abused his discretion by denying the motion to vacate judgment on September 21, 2006." Specifically, appellant argues that a recently procured affidavit of Daniel Dzina (Dzina) revealed information that would have assisted in the defense of the *Page 5 
case. Dzina, who is in the real estate business, offered twice to purchase the 711 Vincent Avenue property from Jeffrey Spitz, the principal proprietor of Theatrical Grill. Additionally, Dzina referred to the property as being in a "poor and dilapidated condition." Appellant further argues that despite being asked in deposition about various offers regarding the property, Spitz did not disclose Dzina's identity. Appellant asserts that it was only through happenstance at a lunch meeting that Dzina revealed the following information to him:
 "In 1995, I was looking for a downtown property to locate a gentlemen's club in. * * * I made contact with Jeffrey Spitz, and he, his father Buddy Spitz and I toured the vacant property located at 711 Vincent Avenue, where his Theatrical Grill restaurant was located. * * * The elevator did not work; the lights did not work, and we toured the building with flashlights; the acoustical tiles on the ceiling were water stained, showing obvious signs of leakage; there was exposed asbestos wrap on numerous heating and water pipes; there was no heat in the building; the heating system was inoperable; there were significant roof leaks which Jeffrey Spitz said he would take care of; and, the kitchen equipment was inoperable, obsolete and otherwise unusable. * * * Based on the condition of the building as I saw it in 1995, I offered the Spitz's $600,000.00 for the property. The Spitz's asking price was $1.2 million, and we therefore had no further negotiation at that time. * * * I again looked at the building in 2002, and it was in substantially the same condition then, as it was in 1995. The Spitz's asking price was still at $1.2 million and they asked me to make an offer which I did for $650,000.00."
 {¶ 7} To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that 1) he has a meritorious defense or claim to present if relief is granted; 2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made *Page 6 
within a reasonable amount of time. GTE Automatic Electric v. ARCIndustries (1976), 47 Ohio St.2d 146. We review a trial court's decision on a motion for relief from judgment under an abuse of discretion standard. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17. Additionally, Civ.R. 60(B)(2), upon which appellant bases his argument, states that "the court may relieve a party or his legal representative from a final judgment, order or proceeding for * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B)."
 {¶ 8} In the instant case, the newly discovered evidence, i.e., Dzina's affidavit, concerns the amount of damages awarded against appellant. The affidavit is silent as to whether tenants breached the contract. While appellant argues that tenants "did not, however, intend to abandon the premises and renege on the lease," no newly discovered evidence supports this argument. Rather, appellant argues that except for the $60,656 the jury awarded for repairs, "[t]he remaining elements of damages that were awarded were completely inappropriate."
 {¶ 9} Along with the jury verdict, a note signed by the jury foreperson was provided to the court. This note allocated the damages as follows:
 $75,000 — security deposit
 $60,656 — repairs to property needed after November 11, 1999
 $30,000 — liquor licenses
 $37,500 — seven-and-a-half months unpaid rent *Page 7 
 $10,000 — escrow money
 $65,000 — legal fees
 {¶ 10} We have previously held that "an excessive award of damages is sufficient to trigger relief pursuant to Civ.R. 60(B)(5) * * *. "Bajtkiewicz v. Wisniewski (Jan. 28, 1993), Cuyahoga App. No. 63661. Civ.R. 60(B)(5) is the catchall provision of the rule governing motions for relief from judgment; therefore, we first find that this excessive damages rule may also apply under subsection (B)(2) regarding newly discovered evidence. We now analyze appellant's claim of excessive damages under the three-pronged test outlined in GTE AutomaticElectric, supra.
 {¶ 11} Appellant argues that Dzina's affidavit is newly discovered evidence showing that owner inflated the value of the property. Owner demanded damages of approximately $1.6 million in its original complaint, and appellant argues this was based on the inflated value of $2.5 million that owner gave the property in the option to buy clause of the commercial lease. We disagree.
 {¶ 12} Appellant's argument fails because there is no nexus between Dzina's assertions and the actual damages awarded by the jury. First, only a portion of the damage award related to property repairs. The remainder of the award was allocated to unpaid rent, liquor licenses, escrow money, and legal fees — categories not contemplated in Dzina's affidavit. Second, the time frame of Dzina's visits to the property do not shed light on the cost of the damage tenants caused. Dzina's *Page 8 
second visit to the premises was in 2002 — approximately three years after tenants abandoned the property. The tenants left the property in the fall of 1999.
 {¶ 13} The jury in the instant case found that tenants breached the lease and damaged the property, as shown by the verdict in favor of owner. However, the jury fell far short of awarding owner the $1.6 million it prayed for in damages. In fact, the jury awarded owner less than 20 percent of the amount requested. Ohio courts have consistently held that damage assessment is a matter for the jury. "[R]eviewing courts will not disturb a verdict unless its amount is so out of proportion to the damages shown by the evidence as to fully satisfy the court that the jury in fixing the amount was governed by the prejudice, passion, or some feeling outside of the evidence, instead of by cool and calm judgment * * *." Knutzen Motor Trucking Co. v. Steiner (1928), 31 Ohio App. 46, 52. See, also, Toledo, C. O. R. R. Co. v. Miller (1923),108 Ohio St. 388.
 {¶ 14} Because appellant did not present a meritorious defense, the trial court did not abuse its discretion in denying his motion to vacate judgment under Civ.R. 60(B), and his sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. *Page 9 
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., JUDGE
SEAN C. GALLAGHER, P.J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] Appellant Anthony Schilero and appellee Theatrical Grill, Inc. are the only two parties to this appeal. *Page 1